**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**

**FOR PUBLICATION**

**Filed:** ___July 13, 1998___

FILED

**July 13, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| FRANCES BLANCHARD, | ) | |
| | ) | |
| PLAINTIFF/APPELLANT, | ) | SHELBY CIRCUIT |
| | ) | |
| v. | ) | Hon. George H. Brown, Jr. |
| | ) | |
| ARLENE KELLUM, D.D.S., | ) | No. 02S01-9709-CV-00083 |
| | ) | |
| DEFENDANT/APPELLEE. | ) | |

FOR APPELLANT:

TIMOTHY A. RYAN III
MEMPHIS

FOR APPELLEE:

GEORGE P. BAILEY
MEMPHIS

# O P I N I O N

REVERSED AND REMANDED                     HOLDER, J.

## OPINION

The issues with which we are confronted are: (1) whether expert testimony is required in a medical battery case when a doctor performs an unauthorized procedure; and (2) whether the defendant's affidavit in the case now before us triggered the non-movant's burden pursuant to McCarley v. West Quality Food Serv., 960 S.W.2d 585 (Tenn. 1998), and Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993). We hold that expert testimony is not required in a medical battery case, that the plaintiff's cause of action was properly premised on a medical battery theory, and that the defendant's conclusory affidavit did not trigger the plaintiff's burden in this motion for summary judgment. The Court of Appeals' decision is reversed, and the case is remanded to the trial court.

## FACTS

The plaintiff, Frances Blanchard, sought treatment for a gum-related problem and was advised by a periodontal specialist to have her teeth extracted. The plaintiff then sought the services of the defendant, Arlene Kellum, D.D.S. During an appointment with Dr. Kellum, Dr. Kellum anesthetized the plaintiff's entire oral cavity and began a full extraction of all thirty-two of the plaintiff's teeth.

The plaintiff alleges that Dr. Kellum never informed her that all thirty-two teeth would be simultaneously extracted during a single office visit. The plaintiff asserted in her complaint that the pain became unbearable and that she refused to allow Dr. Kellum to proceed with further extractions. The record indicates that Dr. Kellum had extracted sixteen teeth when instructed by the plaintiff to cease further extractions. The plaintiff became disoriented and allegedly lost consciousness while in Dr. Kellum's office. She was transported to St. Francis Hospital where she was admitted and treated by physicians.

The plaintiff filed suit against Dr. Kellum alleging both battery/lack of consent and that Dr. Kellum's services "fell below the standards of reasonable care and practice in this community." She asserted in answers to the defendant's interrogatories that Dr. Kellum did not inform her that all thirty-two teeth were to be extracted during a single procedure. The plaintiff maintained that she would not have consented to having a full extraction during a single office visit. Following the plaintiff's release from the hospital, Dr. Kellum completed the extractions in a series of separate appointments.

Dr. Kellum filed a motion for summary judgment supported by what can best be described as a conclusory affidavit. A memorandum in support of the motion argued that the plaintiff had "failed to state specifically what the applicable standard of care in this case was." The memorandum also alleged that the plaintiff had failed to allege specifically what actions by Dr. Kellum deviated from the applicable standard of care. The motion was supported by Dr. Kellum's affidavit that merely stated: (1) that her treatment was "administered in a recognized and approved form accepted and followed by [sic] significant segment of the profession" of which she practices; (2) if the plaintiff "sustained any injury or damage, it was not related . . . or caused by . . . any negligence" on Dr. Kellum's part; and (3) that her treatment of the plaintiff did not fail to meet the appropriate standard of care. Dr. Kellum's affidavit neither set forth a standard of care nor alleged that the plaintiff authorized a full extraction.

The trial court granted the defendant's motion for summary judgment finding that there were no "genuine issues of material fact." The plaintiff apparently abandoned the medical malpractice issue on appeal but did assert that the trial court erred in dismissing the battery/consent issue. The Court of Appeals found that the plaintiff failed "to come forward with evidence, in the form of an expert opinion," and affirmed the trial court's dismissal.

## ANALYSIS

The plaintiff has alleged that she did not give Dr. Kellum permisson to pull thirty-two teeth during the office visit giving rise to this litigation. The plaintiff contends that her claim on appeal is predicated upon a theory of "a violation of plaintiff's person" or "an actionable battery" and is not "related to medical or professional negligence." She argues that expert testimony should not be required merely to show whether Dr. Kellum procured permission to perform the extractions.

We believe that there is a distinction between: (1) cases in which a doctor performs an unauthorized procedure; and (2) cases in which the procedure is authorized but the patient claims that the doctor failed to inform the patient of any or all the risks inherent in the procedure. Performance of an unauthorized procedure constitutes a medical battery. A simple inquiry can be used to determine whether a case constitutes a medical battery: (1) was the patient aware that the doctor was going to perform the procedure (i.e., did the patient know that the dentist was going to perform a root canal on a specified tooth or that the doctor was going to perform surgery on the specified knee?); and, if so (2) did the patient authorize performance of the procedure? A plaintiff's cause of action may be classified as a medical battery only when answers to either of the above questions are in the negative. If, however, answers to the above questions are affirmative and if the plaintiff is alleging that the doctor failed to inform of any or all risks or aspects associated with a procedure, the patient's cause of action rests on an informed consent theory.

Informed consent cases require, by statute, expert evidence to establish whether the information provided to the patient deviated from the usual and customary information given to patients to procure consent in similar situations.

See generally German v. Nichopoulos, 577 S.W.2d 197 (Tenn. Ct. App. 1978) (holding expert evidence required to establish informed consent when patient knew of procedure to be performed but alleged that no risks associated with procedure were disclosed); see also Tenn. Code Ann. § 29-26-115, -118.[1] The inquiry focuses on whether the doctor provided *any* or *adequate* information to allow a patient to formulate an intelligent and informed decision when authorizing or consenting to a procedure. Shadrick v. Coker, M.D., 963 S.W.2d 726 (Tenn. 1998). To determine the adequacy of information provided in an informed consent case, a court must consider the nature of the medical treatment, extent of the risks involved and the applicable standard of care. Id.; Tenn. Code Ann. § 29-26-118. These determinations require expert testimony and are outside the common knowledge of a lay witness.

Lack of informed consent in a medical malpractice action under Tenn. Code Ann. § 29-16-118 operates to negate a patient's authorization for a procedure thereby giving rise to a cause of action for battery. Cardwell v. Bechtol, 724 S.W.2d 739, 750-51 (Tenn. 1987). There is, however, no prior authorization or consent in a medical battery case to be negated by expert testimony. The primary consideration in a medical battery case is simply whether the patient knew of and authorized a procedure. This determination does not require the testimony of an expert witness.

---

[1]

> In a malpractice action, the plaintiff shall prove by evidence as required by 29-26-115(b) that the defendant did not supply appropriate information to the patient in obtaining his informed consent in accordance with the recognized standard of acceptable professional practice in the profession and in the specialty, if any, that the defendant practices in the community in which he practices and in similar communities.

Tenn. Code Ann. § 29-26-118. Pursuant to Tenn. Code Ann. § 29-26-115(b), a plaintiff bears the burden of proving the recognized standard of acceptable professional practice, that the defendant acted with less than ordinary and reasonable care in accordance with that standard, and that the plaintiff suffered injuries as a proximate cause of the defendant's act.

The plaintiff argues that she was not aware of Dr. Kellum's intention to perform a full extraction and that she did not authorize a full extraction during the office visit giving rise to this litigation. Consequently, the plaintiff's claim is appropriately classified as a medical battery.

Our next inquiry is whether the defendant's efforts, as the movant in a motion for summary judgment, properly negated an essential element of the plaintiff's medical battery case or established an affirmative defense. Absent the negation of an essential element or establishment of an affirmative defense, the burden does not shift to the non-movant in a summary judgment proceeding. See McCarley v. West Quality Foods Serv., 960 S.W.2d at 588 ("If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.").

Dr. Kellum's affidavit merely contains a conclusory statement that she acted "in a recognized and approved form . . . and that such treatment would not and did not fail to meet the standard of care . . . ." The affidavit is non-responsive to the plaintiff's allegation that Dr. Kellum failed to inform the plaintiff of her intention to perform a full extraction during the appointment giving rise to this litigation. Moreover, Dr. Kellum's brief relies on a theory of implied consent:

> [When the p]laintiff came in, sat down in the dental chair, allowed the Doctor to anesthetize her entire oral cavity, and willingly submitted to the extraction of sixteen (16) teeth - that it is reasonable for the Defendant/Appellee Doctor to presume that she has the Patient's "consent" to extract her teeth.

6

A theory of implied consent does not negate an essential element of the plaintiff's claim.[2]  The defendant must proffer admissible evidence establishing that the plaintiff authorized a full extraction to trigger the plaintiff's burden, such as a signed consent form authorizing a full extraction.  Reliance on an implied consent theory or a mere allegation that the plaintiff authorized the procedure creates material issues of fact.

We hold that Dr. Kellum's affidavit did not negate an essential element of the plaintiff's claim or establish an affirmative defense.  Accordingly, the burden did not shift to the plaintiff.  See McCarley, 960 S.W.2d at 588; Byrd, 847 S.W.2d at 215 (Tenn. 1993).   Summary judgment on the issue of battery is reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.  Costs of this appeal shall be taxed to the defendant, Dr. Arlene Kellum, D.D.S., for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**CONCURRING:**

Anderson, C.J.
Drowota and Birch, J.J.

---

[2]We question whether a patient who is under the influence of an anesthetic and is in the process of undergoing an extensive dental procedure can either authorize a procedure or formulate an intelligent and informed decision during the procedure itself.