# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 17, 2003 Session

## SANDRA ANN HENSLEY, ET VIR, CHARLES HENSLEY
### v.
## DANIEL SCOKIN, M.D. AND MEMORIAL ANESTHESIOLOGY ASSOCIATES

**Appeal from the Circuit Court for Davidson County**
**No. 00C-2535     Marietta M. Shipley, Judge**

---

**No. M2002-00922-COA-R3-CV - Filed September 12, 2003**

---

This is a medical battery case. The patient was scheduled to undergo a hysterectomy. Because of prior medical problems, she told the anesthesiologist that she needed him to use nasal intubation instead of oral intubation to anesthetize her for the surgery. The anesthesiologist told her that he would use the type of intubation that he thought was best for her. Ultimately, when the hysterectomy was performed, the patient was intubated through an oral pathway. The patient sued the anesthesiologist for medical battery. The anesthesiologist filed a motion for summary judgment. The trial court found that the patient knew that the anesthesiologist might use oral intubation, and that she authorized the procedure both by signing a consent form prior to the surgery and by not stopping the procedure when she became aware that the anesthesiologist might use oral intubation. Consequently, summary judgment was granted in favor of the anesthesiologist. We reverse, finding that a question of material fact exists as to whether the patient authorized the use of oral intubation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part and Affirmed in Part**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Robert J. Shockey, Nashville, Tennessee, for appellants, Sandra Hensley, et vir, Charles Hensley.

C. Bennett Harrison, Jr., and Bryan K. Williams, Nashville, Tennessee, for appellees, Daniel Scokin, M.D. and Memorial Anesthesiology Associates.

**OPINION**

Plaintiff-Appellant Sandra Hensley ("Hensley") was scheduled to have a hysterectomy on January 11, 2000. Because of a preexisting problem with her temporomandibular joint ("TMJ"), Hensley's pain-management physician, Dr. Kenneth E. Bartholomew, and her oral surgeon, Dr. Gregory Anderson ("Dr. Anderson"), advised Hensley to avoid oral intubation during the surgery and instead opt for nasal intubation. On the day of her surgery, Hensley told her anesthesiologist, Defendant-Appellee Dr. Daniel Scokin ("Dr. Scokin") that because of the TMJ problem, he should use nasal intubation instead of oral intubation to anesthetize her for the hysterectomy. During the surgery, Dr. Scokin performed an oral intubation on Hensley in order to anesthetize her. After the surgery, Hensley developed increased TJM pain.

On September 5, 2000, Hensley and her husband filed a lawsuit against Dr. Scokin, alleging "negligence, gross negligence, lack of informed consent, medical battery, and outrageous conduct." Hensley also named as a defendant Dr. Scokin's medical group, Memorial Anesthesiology Associates ("MAA"), asserting that it was liable under the doctrine of respondeat superior. Hensley and her husband sought $6,000,000 in damages.

Discovery ensued. In the course of discovery, Hensley's deposition was taken. Hensley testified that, at her request, Dr. Anderson had provided her with x-rays taken prior to her surgery. She asserted that the x-rays showed her pre-existing TMJ problems and demonstrated the need for nasal intubation rather than oral intubation. Hensley said that she also told her gynecologist, Dr. James O. Miller ("Dr. Miller"), that the anesthesiologist would need to use nasal intubation. Hensley understood that Dr. Miller passed this information on to Dr. Scokin's medical group. On the day of her surgery, Hensley signed a consent agreement for the surgery.[1] That same day, Hensley told at least two hospital employees that she would require nasal intubation. Just before her surgery, while Hensley was lying on a gurney in her hospital gown, Dr. Scokin spoke with her. Hensley testified that she gave the x-rays to Dr. Scokin and explained that she would need nasal intubation. Dr. Scokin's response, she said, was to cast the x-rays aside and tell her that he would decide what type of intubation Hensley would receive. Hensley said that, just prior to being medicated for the surgery, she reminded Dr. Scokin of her need for nasal intubation.

Contrary to Hensley's request, during the surgery, Dr. Scokin intubated Hensley orally, rather than nasally. Hensley's lawsuit asserted that, as a result of the oral intubation, Dr. Scokin caused "severe injury to Mrs. Hensley's lower teeth" and increased facial pain, as well as swelling and additional "damage to the soft tissue, ligaments, and bone structure of the TMJ."

On December 19, 2001, Dr. Scokin and MAA filed a motion for summary judgment. In the motion, Dr. Scokin asserted that he was entitled to summary judgment because Hensley had proffered no expert testimony showing either that he deviated from the standard of medical care or that the deviation resulted in Hensley's alleged injuries. As a result, Dr. Scokin contended, there

---

[1]It appears from statements in the trial judge's order that the consent form was never part of the trial record.

existed no genuine issue of material fact and he was entitled to judgment as a matter of law. MAA argued that it was entitled to summary judgment on the same basis.

In opposition to Dr. Scokin's motion for summary judgment, Hensley argued that her complaint asserted a cause of action for battery, and that expert testimony was not required for such a claim. Hensley contended that the Tennessee Supreme Court has held that "there are circumstances, in the absence of expert proof on the issue of informed consent, where the seriousness of the treatment and the expression of concern by the patient are such that the issue is not one of professional negligence but rather one of traditional battery."

In reply, Dr. Scokin argued that Hensley was erroneously "attempting to interchange the two similar but separate and distinct causes of action of informed consent and battery." In support of this assertion, Dr. Scokin discussed *Blanchard v. Kellum*, 975 S.W.2d 522 (Tenn. 1998). In *Blanchard*, the court observed that in cases where "a doctor performs an unauthorized procedure," a medical battery has occurred, but when "the procedure is authorized but the patient claims that the doctor failed to inform the patient of any or all the risks inherent in the procedure," there is a cause of action for lack of informed consent. *Id.* at 524. The *Blanchard* court continued:

> A simple inquiry can be used to determine whether a case constitutes a medical battery: (1) was the patient aware that the doctor was going to perform the procedure . . . and, if so (2) did the patient authorize performance of the procedure? A plaintiff's cause of action may be classified as a medical battery only when answers to either of the above questions are in the negative. If, however, answers to the above questions are affirmative and if the plaintiff is alleging that the doctor failed to inform of any or all risks or aspects associated with a procedure, the patient's cause of action rests on an informed consent theory.

*Id.* Dr. Scokin contended that both of the questions noted above were answered affirmatively, because it was undisputed that Hensley knew that intubation was required and that she signed the consent form for the surgery after having been made aware of the risks and benefits of anesthesia and intubation. Therefore, Dr. Scokin argued, Hensley's cause of action was one of lack of informed consent. Because Hensley had failed to proffer expert testimony, and expert proof is necessary to support a lack of informed consent claim, Dr. Scokin maintained he was entitled to summary judgment.

On February 1, 2002, the trial court held a hearing on Dr. Scokin's motion for summary judgment. While there is no transcript of the hearing, the trial court later entered a Memorandum Opinion on the results of the hearing. The Memorandum Opinion states that, during the hearing, Hensley elected to proceed only on the claim of medical battery, which did not require expert testimony. The trial judge cited *Blanchard* and the two questions set forth in *Blanchard* to determine whether Hensley's cause of action was for medical battery or informed consent. The Memorandum Opinion then states: "If either question is answered in the affirmative the claim is not one for medical battery, but is rather a claim for lack of informed consent, requiring expert

testimony." The trial court then noted that, because Dr. Scokin told Hensley he would choose whether to use oral or nasal intubation and she did not further protest, the first ***Blanchard*** question was answered in the affirmative, that is, that Hensley knew that Dr. Scokin was going to use oral intubation. The trial court found further that the answer to the second ***Blanchard*** question was also "yes," that is, that Hensley authorized the procedure, given the fact that Hensley signed the consent form after her discussion with Dr. Scokin, and because "she failed to stop the procedure by refusing to undergo the procedure without the guarantee that a nasal intubation would be performed." Thus, the trial court found that the action was not one for medical battery, and granted summary judgment on the issue of medical battery.

The trial judge allowed Hensley additional time to disclose an expert to testify regarding her claim for lack of informed consent. No such expert was proffered, and consequently the trial court later entered an order of dismissal, with prejudice, of all of Hensley's claims against Dr. Scokin and MAA. From this order, Hensley appeals.

On appeal, Hensley asserts that the trial court erred in granting summary judgment on the issue of medical battery. A motion for summary judgment should be granted when the movant demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden of demonstrating that no genuine issue of material fact exists is placed on the party moving for summary judgment. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must view the evidence in favor of the nonmoving party in addition to allowing all reasonable inferences in favor of that party, while discarding all countervailing evidence. ***Id.*** Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Because only questions of law are involved, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997); ***Bain***, 936 S.W.2d at 622.

As noted by the trial court, the Tennessee Supreme Court articulated in ***Blanchard*** the test to determine whether a cause of action is for medical battery or for lack of informed consent. If the patient knew the procedure would be performed and authorized the procedure, but was not made aware of the inherent risks of the procedure, then the claim is for lack of informed consent. Expert testimony is normally required for a claim of lack of informed consent.[2] ***Blanchard***, 975 S.W.2d

---

[2]Informed consent cases are controlled by statute in Tennessee. Section 29-26-118 of the Tennessee Code Annotated states:

> In a malpractice action, the plaintiff shall prove by evidence as required by § 29-26-115(b) that the defendant did not supply appropriate information to the patient in obtaining informed consent (to the procedure out of which plaintiff's claim allegedly arose) in accordance with the recognized standard of acceptable professional practice in the profession and in the specialty, if any, that the defendant practices in the community in which the defendant practices and in similar communities.

(continued...)

-4-

at 524. In contrast, if the patient did not know that the procedure was going to be performed, or if the patient did not authorize the performance of the procedure, then the claim is for medical battery. *Blanchard v. Kellum*, 975 S.W.2d 522, 524 (Tenn. 1998); *see also Bates v. Metcalf*, No. E2001-00358-COA-R3-CV, 2001 Tenn. App. LEXIS 879, at *11-12 (Tenn. Ct. App. Dec. 3, 2001); *Church v. Perales*, 39 S.W.3d 149, 159 (Tenn. Ct. App. 2000); *Harris v. Buckspan*, 984 S.W.2d 944, 948 (Tenn. Ct. App. 1998). For medical battery, the plaintiff is not required to provide expert medical testimony, because the patient's knowledge and awareness is the focus in such a claim. *Church*, 39 S.W.3d at 159; *Blanchard*, 975 S.W.2d at 524.

In the case at bar, the test in *Blanchard* was apparently misstated, but regardless, it did not affect the result below because the trial court answered both prongs of the *Blanchard* test in the affirmative.[3] The trial court found that the answer to the first *Blanchard* question, whether the patient knew that the physician was going to perform the procedure, was "yes." We agree. Hensley acknowledged that Dr. Scokin told her that he would decide which type of intubation would be used for her surgery. Thus, Hensley was aware that Dr. Scokin might utilize oral intubation.

The trial court next found that by signing the consent order and by failing to halt the procedure with the knowledge that Dr. Scokin might use oral intubation, Hensley authorized the use of oral intubation. We respectfully disagree and find that a genuine issue of material fact exists on this issue. Here, Hensley told at least two operating room staff members that she would need nasal intubation rather than oral intubation. Hensley asserts that her gynecologist informed Dr. Scokin's medical group that Hensley would require nasal intubation. She provided Dr. Scokin with x-rays that she asserts demonstrated her need for nasal intubation. Just prior to being medicated for the surgery, Hensley reminded Dr. Scokin that she would need nasal intubation. In addition, the consent form relied on by Dr. Scokin is not included in the record before this court.

It is true that, when confronted with Dr. Scokin's statement that he would decide what type of intubation would be used in Hensley's hysterectomy, while lying on the gurney in a hospital gown being prepared for surgery, Hensley did not stop the procedure. While this is pertinent to the factual issue of whether Hensley authorized the use of oral intubation, against the background of Hensley's persistent statements to all of the medical personnel involved in her surgery, we must conclude that it is not dispositive. Based on these circumstances, and considering the evidence in the light most favorable to Hensley, we find that a genuine issue of material fact exists as to whether Hensley authorized Dr. Scokin's use of oral intubation. Consequently, we reverse the trial court's grant of summary judgment in Dr. Scokin's favor. The trial court is affirmed in all other respects.

---

[2](...continued)
Tenn. Code Ann. § 29-26-118 (2000).

[3]The trial court stated that "[i]f either [*Blanchard*] question is answered in the affirmative the claim is not one for medical battery," which is not correct. The correct test is that if either of the questions is answered in the *negative*, then the cause of action *is* for medical battery. *Blanchard*, 975 S.W.2d at 524.

The decision of the trial court is reversed in part and affirmed in part as set forth above. Costs are taxed to the appellees, Daniel Scokin, M.D. and Memorial Anesthesiology Associates, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, J.