IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 4, 2004 Session

## DONNA DENTON, ET AL. v. JOHN HAHN, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-1531     Barbara Haynes, Judge**

**No. M2003-00342-COA-R3-CV - Filed September 16, 2004**

PATRICIA J. COTTRELL, J., concurring.

I agree with the analysis and conclusion of the majority on the issue of responsibility for the threshold. I also concur in the result reached in this case because the tenants, the Dentons, unquestionably had knowledge of the defective condition of the threshold that was superior to that of the association. I write separately, however, because I cannot agree with the majority's analysis of the appropriateness of summary judgment on the notice issue.[1]

The majority questions the sufficiency of the Dentons' proof; however, this case is only at the summary judgment stage. Consequently, at this stage, the Dentons were required to come forward with proof filling in the gaps noted by the majority only if evidence in the summary judgment filings affirmatively negated the basis of the Dentons' claim. The initial burden was on the party moving for summary judgment, the association.

> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail.

*Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88-89 (Tenn. 2000) (citations omitted). Thus, only where the moving party presents evidence sufficient to justify grant of the motion is the nonmoving party required to come forward with significant probative evidence that makes it necessary to resolve a factual dispute at trial.

---

[1] Specifically, I disagree with the majority's conclusion that the Dentons were required to "demonstrate that they will be able to prove that the homeowners's association had actual or constructive notice of the condition of the threshold prior to Ms. Denton's injury" and that failure to do so justifies dismissal of their complaint at this point in the litigation based on the record before us.

Through a series of opinions, our Supreme Court has made it clear that the first task of a trial court or this court, in deciding a summary judgment motion filed by a defendant, is to determine whether the moving party has presented proof that negates an essential element of the plaintiff's claim or establishes an affirmative defense. *Blair v. West Town Mall*, 130 S.W.3d 761, 767-68 (Tenn. 2004); *Staples*, 15 S.W.3d 83, 88-89 (Tenn. 2000); *Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998); *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998).

If a court has "bypassed the moving parties' initial burden and addressed only the sufficiency of the non-moving parties' opposing evidence" it has erred by "focusing on the non-moving parties' burden without first addressing whether that burden was actually triggered." *Blair*, 130 S.W.3d at 761, quoting *McCarley*, 960 S.W.2d at 587-88.

A court should not grant, or affirm a grant of, summary judgment simply because the court has doubts, even serious doubts,[2] about the plaintiff's ability to prove his or her claim at trial. *Blair*, 130 S.W.3d at 768 ("The Court of Appeals was correct in noting that while this evidence [the plaintiff's deposition statement that she did not know how long the oil she slipped in had been in the parking lot] casts doubt on Plaintiff's ability to prove at trial whether Defendant had actual or constructive notice of the dangerous condition in Defendant's parking lot, it does not negate the element of notice"). The case of *Madison v. Love*, No. E2000-01692-COA-RM-CV, 2000 WL 1036362 (Tenn. Ct. App. July 28, 2000) (no Tenn. R. App. p. 11 application filed) is a clear demonstration of the point that probable inability to prove an element at trial is not a basis for dismissal on summary judgment. In that case, the plaintiff sought permission to appeal the Court of Appeals decision affirming the grant of summary judgment where an autopsy did not disclose the cause of death and the decedent's body had been cremated. The Supreme Court granted permission to appeal and, by order, remanded the case to the Court of Appeals for reconsideration and decision in accordance with *McCarley*. The Court of Appeals subsequently reversed the grant of summary judgment because the pathologist's affidavit that the cause of death was unknown did not negate the causation element of the plaintiff's case, stating that while the pathologist's presumed testimony "may be a serious impediment to the successful pursuit of this claim at trial, that is not the issue before us." *Madison*, 2000 WL 1036362, at *2. *See also Ray v. Board of Education of Oak Ridge*, 72 S.W.3d 657, 662 (Tenn. Ct. App. 2002) (quoting *Madison*'s holding that "[m]aterial supporting a motion for summary judgment must do more than 'nip at the heels' of an essential element of a cause of action; it must negate that element").

The majority and I differ in our interpretation and application of the *McCarley* through *Blair* line of decisions. Our differing interpretations lead to different conclusions on the notice issue in the case before us. The majority concludes that a defendant is entitled to summary judgment if it demonstrates that the plaintiff's, or nonmoving party's, evidence itself is insufficient to establish an essential element of its claim, relying on statements in *Celotex* and *Byrd*. Those statements,

---

[2]In *Blair*, the defendant emphasized one Court of Appeals judge's comment that if the evidence remained the same, the defendant might well be entitled to a directed verdict. 130 S.W.3d at 768.

however, must be interpreted in light of other statements in *Byrd* as well as the Tennessee Supreme Court's later refinements of them.[3]

In *Byrd*, the Court also stated that, "[a] conclusory assertion that the nonmoving party has no evidence is clearly insufficient" to support the grant of summary judgment. *Byrd*, 847 S.W.2d at 215. In fact, in *Byrd*, the Court reversed the lower courts' grant of summary judgment because even though the plaintiff's affidavit lacked specificity, the assertions therein were sufficient to withstand a motion for summary judgment "particularly in view of the fact that the Defendants submitted no countervailing affidavits, but simply denied that the alleged events ever even occurred."[4] *Id.* at 217.

While summary judgment is appropriate for a defendant who relies on evidence from the plaintiff that disproves or affirmatively negates an essential element of the plaintiff's claim, mere omissions in the plaintiff's proof at the summary judgment stage, combined with only an allegation that the proof is insufficient, cannot support summary judgment in the absence of proof from the defendant affirmatively negating an element.[5] As *Blair*, *Staples*, *Blanchard*, and *McCarley* make clear, a defendant moving for summary judgment cannot rely solely on omissions or weaknesses in the plaintiff's proof, *e.g.*, in his or her deposition. *Blair*, 130 S.W.3d at 768 (holding that although plaintiff's deposition testimony was not sufficient to prove notice, it did not affirmatively negate the element of notice because it did not prove that the defendants did not have actual or constructive notice); *McCarley*, 960 S.W.2d at 588 (holding that although plaintiff's evidence could not distinguish between two possible causes of his food poisoning, one of which was unrelated to

---

[3]The majority opinion characterizes my interpretation of our Supreme Court's rulings in *Blair* and its predecessors as "a sign that the Tennessee Supreme Court has retreated from the basic burden of persuasion and production principles adopted eleven years ago." I respectfully disagree with that characterization of my position. Rather, I interpret those cases from 1998 forward as clarifying the burdens in the context of the particular factual situations presented. Further, I cannot help but conclude that the Court has clearly said what it meant and continues to mean what it said. *See Blair*, 130 S.W.3d at 767 (holding that the defendant's argument that it was enough for the defendant to demonstrate that the plaintiff had not presented any evidence on an element "overlooks Tennessee case law that makes clear what burden is placed on each party in a motion for summary judgment. A series of decisions from this Court has addressed the burden-shifting framework to be applied," citing *Staples* and *McCarley* specifically).

[4]In *Byrd*, the plaintiff had responded to the motion for summary judgment by filing an affidavit. In that context, the Court also stated,

> The Plaintiff is not required to prove his entire case by a preponderance of the evidence at the summary judgment stage. He need only raise genuine issues of material fact, making summary judgment inappropriate. Nothing more is required of the Plaintiff as the nonmoving party.

*Id*.

[5]In that situation, the burden is not even shifted to the nonmoving party. *See Blanchard*, 975 S.W.2d at 525 (holding that the requirement for such shifting is that the moving party affirmatively negate an element of the plaintiff's claim or establish an affirmative defense).

defendant, the evidence presented by defendant did not rule out its food as the cause of the injury and, therefore, did not negate the essential element of causation).

Further, mere assertions that the nonmoving party has no evidence do not suffice to entitle the moving party to summary judgment. *McCarley*, 960 S.W.2d at 588; *Arnett v. Domino's Pizza*, 124 S.W.3d 529, 532 (Tenn. Ct. App. 2003). Mere denials of an element of the plaintiff's claim do not negate that element and cannot support summary judgment. *Blanchard*, 975 S.W.2d at 525. Arguments, as opposed to proof, similarly do not negate a claimed basis for the suit and do not shift the burden to the nonmoving party.

Applying the rather straightforward framework for analysis applicable to the issue before us, the first question to be addressed is whether the defendant has affirmatively negated an essential element of the plaintiff's claim, specifically actual or constructive notice on the part of the association. Having carefully reviewed each of the filings in the record, I can find no evidence presented by the association that negates the Dentons' claims as to notice.[6] There is no statement in any affidavit or other evidentiary filing that the association had no notice of the defective condition of the threshold. A mere conclusory assertion that it did not have the required notice is not sufficient.

Instead of presenting its own evidence to disprove actual or constructive notice and relying on such evidence, the association merely argues that the Dentons did not prove that the association had knowledge of the specific condition that caused the fall. That argument is inconsistent with the burden placed in the first instance on the party moving for summary judgment. In addition, in this case the Dentons stated, in affidavit or deposition, that Ms. Denton's heel "slid off the threshold because it's slanted down;" that the problem was that the foundation beneath the threshold had settled and pulled away from the threshold, leaving an "uneven gap" and consequently, "the threshold was elevated in relation to the concrete step that was underneath it;" and that the association had had knowledge of the defective condition of their building due to settling since at least 1988. These statements, uncontradicted by the association, do not disprove that the association had the notice required to trigger a duty to use reasonable care.[7]

---

[6]This can perhaps be explained by the fact that most of the summary judgment filings and argument centered on the issue of the ownership of the threshold, *i.e.*, the question of who had the duty to maintain the threshold. Little evidence was supplied on the other issues.

[7]Additionally, if we afford the Dentons all reasonable inferences in their favor, as we are required to do, there is a basis to infer that the slanting of the threshold resulted from settling. Whether the length of time that the association knew about the settling and certain consequences of it was sufficient to establish that the association should have known of the dangerous condition had it used reasonable care in the exercise of its duty to maintain the threshold is subject to debate and, therefore, not appropriate for summary judgment.

-4-

I agree with the result reached by the majority opinion.  However, I do not agree that summary judgment is appropriate on the issue of notice.

_____
PATRICIA J. COTTRELL, JUDGE