IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2006 Session

## DAVID HOLT, ET AL. v. BARBARA PYLES, ET AL.

**Appeal from the Circuit Court for Davidson County
No. 02C-1561     Walter Kurtz, Judge**

**No. M2005-02092-COA-R3-CV - Filed on April 24, 2007**

**And**

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2006 Session

## DAVID HOLT, ET AL. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County
No. 02C-3394     Walter Kurtz, Judge**

**No. M2005-02094-COA-R3-CV**

PATRICIA J. COTTRELL concurring in part and dissenting in part.

I concur in the majority's conclusion that the policy is not ambiguous and does not include excess coverage for injuries caused by uninsured motorists. I disagree, however, with the majority's resolution of the estoppel claim because I do not agree that the requirements for summary judgment for the insurer on that claim were met.

> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-

moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88-89 (Tenn. 2000) (citations omitted). Thus, if, but only if, the moving party presents evidence sufficient to justify grant of the motion if the facts remain uncontested, the nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve a factual dispute at trial. Where the moving party satisfactorily challenges the nonmoving party's ability to prove an essential element of its claim, the nonmoving party has the burden of pointing out, rehabilitating, or providing new evidence to create a factual dispute as to that element. *Staples*, 15 S.W.3d at 88-89; *Rains v. Bend of the River*, 124 S.W.3d 580, 587-88 (Tenn. Ct. App. 2003).

A defendant moving for summary judgment must, in its filings supporting the motion, either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *Blair v. West Town Mall,* 130 S.W.2d 761, 767 (Tenn. 2004); *Staples*, 105 S.W.3d at 88-89. Only if the moving party presents evidence sufficient to justify grant of the motion if the facts remain uncontested is the nonmoving party required to come forward with some significant probative evidence which makes it necessary to resolve a factual dispute at trial.

A defendant moving for summary judgment cannot rely solely on omissions in the plaintiff's proof. *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998) (holding that the plaintiff's inability to show whether his food poisoning was caused by defendant's chicken or by food eaten at breakfast did not suffice to affirmatively negate the causation element of his negligence claim). Mere assertions that the non-moving party has produced no evidence do not suffice to entitle the moving party to summary judgment. *Blair*, 130 S.W.3d at 767-68; *Staples*, 15 S.W.3d at 88-89; *Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998); *McCarley*, 960 S.W.2d at 588; *Arnett v. Domino's Pizza*, 124 S.W.3d 529, 532 (Tenn. Ct. App. 2003).

I cannot read the "New Policy Coverage Summary" as putting a reasonable person on notice that the "Optional Excess Protection" provision does not apply to the uninsured motorist coverage. While the relationship between the excess protection coverage and the uninsured motorist coverage is made clear in the lengthy policy itself, specifically the Optional Excess Liability Coverage endorsement or form, nothing in Mr. Holt's affidavit indicates he received that form or the entire policy before the accident. His affidavit refers only to the policy summary. Apparently, Encompass did not file an affidavit stating that it had provided the complete policy to Mr. Holt.

In any event, I believe that Mr. Holt's affidavit raises sufficient questions about misrepresentation by the agent as to his protection under the excess coverage provision and his reasonable reliance on those representations to preclude summary judgment.

> [A] representation of fact made to a party who relies thereon with the right to so rely may not be denied . . . if such denial would result in injury or damage to the relying

party. Negligent silence . . . [or] conduct which . . . in fact mislead will work an estoppel notwithstanding there was no intention to do so.

*Cincinnati Ins. Co. v. Avery*, 914 F.2d 255, 1990 WL 132245, at *5 (6th Cir. 1990) (citations omitted) (summarizing Tennessee law).

Questions of reasonable reliance and misrepresentation are fact specific. I believe Mr. Holt has testified to sufficient facts to present a question for the fact finder. Encompass has not negated an essential element of the estoppel claim and, therefore, is not entitled to summary judgment.

_____
PATRICIA J. COTTRELL, JUDGE