# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 3, 2009 Session

## ROBIN LEE STANFILL ET AL. v. JOHN T. MOUNTAIN ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Maury County**
**No. 10862    Stella L. Hargrove, Judge**

---

**No. M2006-01072-SC-R11-CV - Filed December 3, 2009**

---

JANICE M. HOLDER, C.J., concurring in part and dissenting in part.

I concur in most of the majority's well-reasoned analysis. I write separately, however, to state my disagreement that Mr. and Mrs. Mountain and Mr. Brooks shifted the burden of production to the Stanfills with respect to the allegation of fraudulent concealment of mold.

In support of their motions for summary judgment involving claims of fraudulent concealment of mold, each of the three defendants filed an affidavit stating, "At the time of sale, I had no actual knowledge of the presence of any type of mold in the residence or any of the other buildings located on the property." These statements amount to little more than a denial of the allegations contained in the complaint and, as such, are insufficient to shift the burden of production to the Stanfills. Giggers v. Memphis Hous. Auth., 277 S.W.3d 359, 363 (Tenn. 2009) ("[C]onclusory assertions are not sufficient to shift the burden to the nonmoving party."); Chapman v. Bearfield, 207 S.W.3d 736, 741 n.3 (Tenn. 2006) (stating that a defendant cannot "remove from controversy" the plaintiff's specific factual allegations with his affidavit's "conclusory statements of mixed law and fact alone"); Blanchard v. Kellum, 975 S.W.2d 522, 525 (Tenn. 1998) (finding the defendant's conclusory affidavit insufficient to negate an essential element of the plaintiff's claim).

In addition to the conclusory nature of the denials, the affidavits of the defendants are deficient in other respects. The affidavits deny "actual knowledge" of the mold infestation. The definition of the term "actual knowledge" as used in the affidavit is not apparent from its context. "Actual knowledge" may mean "any knowledge," or it may stand in contrast to "constructive knowledge." If the defendants had constructive knowledge of the mold infestation, the allegation is insufficient to negate an essential element of the Stanfills' claim for fraudulent concealment.

The affidavits also focus on the time of sale and do not address the defendants' knowledge of mold prior to that date. The affidavits therefore fail to account for the defendants' knowledge from the date of purchase to the date of sale. For this additional reason, the affidavits are insufficient to affirmatively negate an essential element of the Stanfills' claim for fraudulent concealment. If the

defendants' affidavits had stated, "At no time from the date of purchase of the property to the date of sale was I aware or made aware of any type of mold in the residence or any of the other buildings located on the property," I would agree that the defendants satisfied their burden of production.

These conclusory affidavits should not deny the plaintiffs their right to pursue the claim of fraudulent concealment of mold. Whether that claim is sufficient to survive is best tested at a later time, not at the summary judgment stage.

_____

JANICE M. HOLDER, CHIEF JUSTICE