IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2009


**JOSEPH C. BARNA v. W. MARTIN SEILER**


**Appeal from the Circuit Court for Davidson County**
**No. 06C-996      Walter C. Kurtz, Judge**

---

**No. M2008-01573-COA-R3-CV - Filed April 19, 2011**

---


FRANK G. CLEMENT, JR., J., dissenting.


I respectfully disagree with the majority's conclusion that the movant, attorney Martin Seiler, shifted the burden of persuasion to the plaintiff Joseph Barna for purposes of summary judgment. Admittedly, Mr. Barna did not refute the affidavit of Mr. Seiler, but I submit he did not have to because Mr. Barna was not obliged to come forward with countervailing evidence to create a dispute of fact. This is due to the fact that Mr. Seiler failed to provide a sufficient affidavit or other proof. Specifically, Mr. Seiler's affidavit, which is the only evidence to support his motion for summary judgment, is insufficient because he failed to provide any specific material fact for this court to consider that pertains to the legal services he actually rendered. Mr. Seiler only informed us of the fact that he has many years of experience as a lawyer in the field of security litigation, which is a relevant and material fact, but by itself is insufficient to refute the specific allegations in the complaint as to what Mr. Seiler failed to do in his representation of Mr. Barna.


In the Complaint, Mr. Barna specifically alleged, *inter alia*:

a. [Mr. Seiler] failed to revise the statement of claim.  Plaintiff requested that the Defendant prepare a new and corrected statement of claim.
b. He failed to properly calculate the damages and to present the damages properly at the hearing. Plaintiff's request [sic] to the Defendant to prepare a proper and corrected calculation of damages.
c. He failed to obtain an expert witness for the hearing.
d. He failed to recognize which securities were marginable [sic] and which were not.
e. He failed to inform the Plaintiff of the offer made by Waterhouse in a timely manner.

f. He failed to recognize the difference between a house call and an exchange call.

. . .

h. He failed to take reasonable steps to obtain the presence of all the persons needed as witnesses at the hearing.

j. He failed to present at the hearing that Waterhouse had not followed NY Stock Exchange rules and its own rules in connection with the Grossover extension of credit.

. . .

In his affidavit Mr. Seiler provided very few facts; he merely states:

All legal services I provided to Mr. Barna were given in accordance with the standard of acceptable legal professional practice and with the degree of skill, care, diligence, learning, and experience ordinarily used, possessed, and practiced by other attorneys skilled in securities law and in arbitration related to securities law and in arbitration related to securities law in the State of Tennessee on or about the times material herein.

He goes on to state that in his opinion, that nothing he did or did not do with respect to the legal services he provided to Mr. Barna caused the losses his client suffered in the arbitration proceeding. But what did he do?  We have no way of knowing.

I fully concur with the majority that affidavits of defendant professionals are sufficient to support a motion for summary judgment and to shift the burden to the plaintiff to come forward with competent expert proof showing there is a dispute. *Miller v. Birdwell*, 327 S.W.3d 53, 60 (Tenn. Ct. App. 2010) ("It is well established that the affidavits of the defendant physicians are sufficient by themselves to support a motion for summary judgment.") (citing *Kenyon v. Handal*, 122 S.W.3d 743 (Tenn. Ct. App. 2003)). However, not all affidavits of defendant professionals satisfy the evidentiary requirements, one of which is stating facts in addition to their conclusory statements.

As the majority noted on page twelve of the opinion,

In order to "clearly and completely" refute a plaintiff's claims of professional malpractice, and thereby shift the evidentiary burden to the plaintiff in a summary judgment motion determination, a defendant expert's affidavit will be sufficient if it: (1) establishes the affiant's knowledge of the applicable standard of care; (2) demonstrates the basis for that knowledge; (3) *describes, even briefly, the actions taken by the affiant in the course of the professional*

-2-

*services rendered to plaintiff;* (4) and states the opinion that the actions met the standard of care, or that nothing done by affiant breached the standard of care . . . . (emphasis added)

Mr. Seiler satisfied three of the four criteria above, but he did not satisfy the third requirement; he did not describe, even briefly, the actions he took in the course of his representation of Mr. Barna. Therefore, without any factual foundation concerning what Mr. Seiler did nor did not do in his representation of Mr. Barna, Mr. Seiler's opinion is merely conclusory and, thus, insufficient for purposes of summary judgment.

In a substantially similar legal malpractice case, ironically involving the same plaintiff, *Barna v. Preston Law Group, P.C.*, 2009 WL 2616038 at * 6 (Tenn. Ct. App. 2009), this court relied on Tenn. R. Evid. 702, Tenn R. Evid. 705, and *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 8 (Tenn. 2009) (holding that conclusory opinions that are not supported by or based upon identified facts are not sufficient to shift the burden of production to the nonmoving party) to conclude that:

> Generally, an expert witness may render an opinion based on facts or data known to the expert; nevertheless, *the expert who testifies in terms of opinion may be required to disclose the underlying facts.* Tenn. R. Evid. 702, 705. *For purposes of shifting the burden of proof in a motion for summary judgment, an expert's conclusory affidavit neither negates an essential element of a claim nor does it establish an affirmative defense. See Hannan*, 270 S.W.3d at 8. *In the context of summary judgment, our Supreme Court has stated that conclusory opinions that are not supported by or based upon identified facts are not sufficient to shift the burden of production to the nonmoving party. See Hannan*, 270 S.W.3d at 8; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn.1998) (reversing summary judgment because the defendant's conclusory affidavit did not trigger the plaintiff's burden in the motion for summary judgment). Therefore, we find that Mr. Preston's conclusory "opinions" regarding Mr. Barna's case against Firstrade and the causation of Mr. Barna's damages, without providing supporting facts, were insufficient to negate an essential element of Mr. Barna's legal malpractice claim – damages or causation – and shift the burden of production. (Emphasis added).

*Barna*, 2009 WL 2616038 at * 6.

I, therefore, submit that because Mr. Seiler's affidavit fails to provide for our consideration any specific and material facts to support his conclusions that his services, whatever they were, complied with the standard of care and caused no damage to Mr. Barna.

For these reasons, I respectfully dissent.


_____
FRANK G. CLEMENT, JR., JUDGE