IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2011 Session

## JAMES GARRY ET AL. v. TENNESSEE GAS TRANSMISSION COMPANY ET AL.

**Appeal from the Chancery Court for Cheatham County**
**No. 13381      Robert E. Burch, Judge**

**No. M2011-00593-COA-R3-CV - Filed March 5, 2012**

In this easement boundary dispute, property owners seek damages against a gas company for trespassing and nuisance. The gas company possesses three separate utility easements for natural gas pipelines on the property at issue, which easements include the right to perform maintenance and other work on the pipelines. When the gas company undertook major repairs to the pipelines in 2006, the property owners filed this action, alleging the gas company exceeded the boundaries of the utility easements and trespassed. The trial court granted summary judgment to the gas company based on the affidavit of an employee of the gas company. We find the affidavit fails to establish the employee's personal knowledge of material facts stated therein, specifically the boundaries of each easement; accordingly, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Jeffrey R. King and Corinne E. Martin, Nashville, Tennessee, for the appellants, James Garry and Marilyn Garry.

Michael K. Stagg, Eileen Burkhalter Smith, and Claire Goodman Sawyer, for the appellees, Tennessee Gas Transmission Company and Tennessee Gas Pipeline Company.

### OPINION

James and Marilyn Garry ("Plaintiffs") purchased the property located at 7326 Old Clarksville Pike, Cheatham County, Tennessee, in September 2005 by warranty deed. The property is approximately 3.97 acres, and is subject to three separate utility easements owned

by Tennessee Gas Transmission Company and Tennessee Gas Pipeline Company ("Defendants").

The chain of title for Plaintiffs' property pertinent to the creation of these easements is as follows: Cephas and A.A. Woodard sold the property to John and Elizabeth Krantz in 1923. In 1941, Krantz granted a thirty-foot wide utility easement to Hope Natural Gas Company, a predecessor of Defendants. The easement provides that it may be used for "laying, constructing, maintaining, operating, altering, repairing, removing, or changing the size of and replacing pipe lines." Krantz subsequently sold the property to Hershel and Lorene Adcox in 1950. The deed to Adcox states:

> This conveyance is made subject to three gas pipe line rights of way over said land belonging to Tennessee Gas Transmission Company, and it is expressly understood and agreed that the grantor, John F. Krantz, reserves all damages caused by the construction of said two last pipe lines, for which suits are now pending.

The condemnation suits referenced in the deed were resolved in 1953, resulting in the creation of two additional easements in favor of Defendants, one described as "50 feet in width in part and 100 feet in width in part," and the other "75 feet in width." Adcox subsequently subdivided the property into three tracts, and it was eventually transferred to Philip and Lori Mayo in a series of transactions completed by 1988.[1] Mayo transferred the property to Plaintiffs in a single transaction in September 2005. The Plaintiffs' deed from Mayo only references the easement created in 1941.[2]

In May 2006, Defendants entered Plaintiffs' property and began working on two of the three gas pipelines. Plaintiffs filed this action on May 14, 2007, asserting nuisance, trespass, and unlawful exposure to asbestos. In their complaint, Plaintiffs claim actual damages to their property caused by Defendants' actions, including broken water lines and excessive dust, as well as a loss in the overall property value. They also seek punitive damages on the basis that Defendants "intentionally misrepresented the fact that they had the right to enter upon the Plaintiffs' property to the extent they did." In the answer, Defendants

---

[1]Tracts 1 and 2 were transferred directly from Adcox to Mayo in 1981 and 1985, respectively. Tract 3 was transferred from Adcox to Larry and Jean Key in July 1986, from Key to Taylor and Diane Watts in November 1986, and from Watts to Mayo in 1988.

[2]The omission of the 1953 easements from Plaintiffs' deed appears to be a result of the fact that the property changed hands before the condemnation suit was resolved. The 1953 easements are recorded under Krantz, although Krantz was not the owner of the property in 1953. He sold the property to Adcox in 1950, and the deed, as quoted above, references all three easements.

denied that they exceeded their rights under the easements, or that Plaintiffs were exposed to any hazardous materials.

On April 6, 2010, Defendants filed a motion for summary judgment, arguing that the undisputed facts showed that Defendants' work was confined to the boundaries of the easements. In support of the motion, Defendants attached the easement documents and an affidavit from Paul Ramsey, the Principal Property Rights Specialist in the Land Department for Tennessee Gas Pipeline Company. Defendants also presented an asbestos report, compiled as part of Tennessee Gas Transmission's standard procedure, showing all of the pipes tested negative for asbestos.

Based on the negative asbestos test results and the assertions in Mr. Ramsey's affidavit, the trial court granted Defendants' motion for summary judgment on August 4, 2010. Plaintiffs filed a motion to alter or amend, but also filed an appeal of the grant of summary judgment. In their motion to alter or amend, Plaintiffs argued they did not have actual or constructive notice of the 1953 easements because, they argued, these easements were improperly recorded and would not be revealed in a customary title search.

The trial court denied Plaintiffs' motion and awarded Defendants discretionary costs. Plaintiffs then perfected their previously filed appeal.

On appeal, Plaintiffs do not take issue with the summary dismissal of their claims related to asbestos exposure, or the trial court's denial of their motion to alter or amend. The issue is whether the trial court erred in summarily dismissing Plaintiffs' claims for trespassing and nuisance. Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008).

**ANALYSIS**

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv*., 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party makes a properly supported motion, then the nonmoving party is required to establish the existence of the essential elements of the claim. *McCarley*, 960 S.W.2d at 588; *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). If, however, the moving party does

not properly support the motion, then the nonmoving party's burden to produce either supporting affidavits or discovery is relieved and the motion must fail. *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 83 (Tenn. 2008); *McCarley*, 960 S.W.2d at 588.

To make this showing and shift the burden of production, a moving party may: 1) affirmatively negate an essential element of the nonmoving party's claim; or 2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd*, 847 S.W.2d at 215 n.5. Whichever approach the moving party takes, both require more than assertions of the nonmoving party's lack of evidence. *Martin*, 271 S.W.3d at 83-84. In addition, the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving party to prove its claim at trial. *Id.* at 84.

We have determined the trial court erred by granting Defendants' motion for summary judgment. We find that the evidence submitted by Defendants in support of their motion for summary judgment on Plaintiffs' trespass and nuisance claims, namely Mr. Ramsey's affidavit, fails to establish any factual basis for his conclusory statements that "[a]t all times during the construction on Plaintiffs' property, Defendants were aware of the width of the three easements on the property and restricted the construction to the width of the easements."

Mr. Ramsey's affidavit states in pertinent part:

2. *I am aware of the construction and work done* on Marilyn and James Garrys' property by Defendants in 2006.
3. As part of preparing for the construction on the Garrys' property, I reviewed the easements of Defendants on the Garrys' property.
4. Attached hereto as Exhibit A is a copy of a Boundary Survey the Defendants had completed on a tract of property adjacent to the Garrys' property. *The survey was not done for the Garrys' property*.
5. This survey shows, however, the location of the three natural gas pipelines on the Garrys' property. There are four pipelines depicted, but only three cross the Garrys' property.
6. *The easements for each of the pipelines is not depicted* on this survey, but *I understand* that each of the pipelines lies in the center of its easement.

(Emphasis added). With all due respect to Mr. Ramsey, this affidavit fails to establish that there is "no genuine issue as to any material fact and that [Defendants are] entitled to a judgment as a matter of law," concerning Plaintiffs' trespass and nuisance claims. Tenn. R.

Civ. P. 56.04. Furthermore, important statements in Mr. Ramsey's affidavit are inadmissible. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Tenn. R. Evid. 602. Tennessee Rule of Civil Procedure 56.06 expressly requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." A witness's own sworn statements can provide sufficient evidence to show personal knowledge; however, Mr. Ramsey's affidavit failed to establish that he had personal knowledge of the boundaries of the easements. Thus, his statements concerning the boundaries of the easements, which are material facts, are inadmissible and may not be considered in support of Defendants' motion for summary judgment.

Mr. Ramsey's conclusory statements which are based on his "understanding" of the location of the gas pipelines and his "aware[ness]" of the construction are also insufficient to affirmatively negate an essential element of Plaintiffs' claims, or to show that Plaintiffs cannot prove an essential element of the claim at trial. Generally, "'[c]onclusory assertions' in support of a defendant's motion for summary judgment are not sufficient to shift the burden to the plaintiff to come forward with evidence to create a material dispute of fact." *Barna v. Seiler,* No. M2008–01573–COA–R3–CV, 2011 WL 1486613, at *5 (Tenn. Ct. App. April 19, 2011) (perm. app. denied July 13, 2011) (citing *Giggers v. Memphis Housing Auth.*, 277 S.W.3d 359, 363 (Tenn. 2009); *Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). *See also Martin*, 271 S.W.3d at 83. Accordingly, we find Defendants' motion for summary judgment was not properly supported, and the trial court's holding was in error.[3]

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Defendants, Tennessee Gas Transmission and Tennessee Gas Pipeline Company.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]In their motion to alter or amend and their brief, Plaintiffs argue they were not on notice of the two easements created by court order in 1953 because these easements were erroneously recorded. As we have reversed the trial court's grant of summary judgment to Defendants and Plaintiffs did not appeal the denial of their motion to alter or amend, we find no need to address Plaintiffs' arguments regarding notice.