# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 11, 2011 Session

## DORIS HINKLE, ET AL. v. KINDRED HOSPITAL, ET AL.

### Appeal from the Circuit Court for Davidson County
#### No. 10C2397      Thomas W. Brothers, Judge

### No. M2010-02499-COA-R3-CV - Filed August 31, 2012

RICHARD H. DINKINS, J., concurring in part and dissenting in part.

I concur with the majority's decision in all respects, except the decision to affirm the dismissal of the medical battery claim against Dr. Nguyen pursuant to Tenn. R. Civ. P. 12.02(6).

It is well settled that a Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009); *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); *Sanders v. Vinson*, 558 S.W.2d 838, 840 (Tenn. 1977). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)); *see Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007); *White v. Revco Disc. Drug Ctrs., Inc.* 33 S.W.3d 713, 718 (Tenn. 2000); *Holloway v. Putnam Cnty.*, 534 S.W.2d 292, 296 (Tenn. 1976). Against this standard, I believe the allegations of the complaint are sufficient to allow the claim for medical battery against Dr. Nguyen to proceed.

Pertinent allegations of the complaint relative to this claim are as follows:

5. That Muriel Jesse Hinkle, Deceased, (hereinafter Decedent), had a surgical procedure at Vanderbilt Medical Center for elective aneurysm repair, and cardiac bypass.

6. That Decedent developed some complications after surgery, and was placed on a ventilator and tracheostomy at Vanderbilt Medical Center for about two weeks.

7. That Decedent was later transferred to Kindred Hospital for rehabilitation and to wean him off the ventilator.

8. That upon discharge from Vanderbilt Medical Center, Decedent had no rectal bleeding, laceration, or perforation of the rectal wall.

9. That prior to arrival at Kindred Hospital on June 29, 2009, Decedent had a soft stool due to the laxative that was administered to him at Vanderbilt Medical Center prior to discharge and transfer to Kindred Hospital.

10. That the Decedent's soft stool was controlled with bed pads at Vanderbilt Medical Center.

11. That the patient had stage three Sacral Decubitus ulcer on his buttocks, that was treated with antibiotic cream and scrotal skin tears.

12. That upon arrival at Kindred Hospital, the treating physician, Dr. Tuan Quoc Nguyen, ordered a Clostridium Difficile exam on the Decedent due to the soft stool.

13. That at no time did Dr. Nguyen ma[k]e contact with the Decedent upon admission on June 29, 2009, prior to ordering BMS tube on the Decedent.

14. That prior to the result of the Clostridium Difficile from the lab at Kindred Hospital, Dr. Nguyen immediately ordered Bowel Management System (BMS) rectal tube, manufactured by Zassi Medical Evolutions, Inc., to be inserted on the Decedent's rectum without ordering BMS tube pre assessment on the Decedent.

The allegations specific to the claim of medical battery are set out in Count Three of the complaint:

35. That at no time did the Decedent consent to be offensively and invasively, touched by the nursing staff on [his] anus.

36. That the invasive procedure was not medically necessary.

37. That the decedent's spouse who had the power of attorney was not consulted prior to the offensive touching of the Decedent.

38. That the offensive touching was effectuated despite the Decedent's son's presence at this bedside, and categorically warned the nursing staff that his father did not consent to be touched on his anus.

39. That the act of performing [this] invasive medical procedure on the Decedent body against the Decedent's will constituted battery.

As noted by the majority, the performance of an unauthorized procedure constitutes medical battery. *Blanchard v. Kellum*, 975 S.W.2d 522, 524 (Tenn. 1998). The court in *Blanchard* set forth a "simple inquiry" to determine "whether a case constitutes a medical battery: (1) was the patient aware that the doctor was going to perform the procedure (i.e., did the patient know that the dentist was going to perform a root canal on a specified tooth or that the doctor was going to perform surgery on the specified knee?); and, if so (2) did the

patient authorize performance of the procedure? A plaintiff's cause of action may be classified as a medical battery only when answers to either of the above questions are in the negative." *Id.* On the present state of the record, the answer to each of these questions is no; consequently, the complaint has stated a claim against Dr. Nguyen, the physician who ordered the procedure, for medical battery.

Requiring that the physician actually perform the procedure in order to state a claim for medical battery is questionable where, as here, the hospital staff is alleged to have been carrying out the doctor's orders in performing the procedure constituting the alleged battery. When issuing the orders, the doctor sets the treatment in motion and relies upon the staff to carry it out. I see no reason to differentiate between the doctor giving the order and the staff carrying it out. This is particularly true, given the close relationship between claims of lack of informed consent to a particular procedure and medical battery. *See Cary v. Arrowsmith*, 777 S.W.2d 8, 21 (Tenn. Ct. App. 1989) ("If informed consent is not effectively obtained, the defendant's departure from the standard care is not negligence but *battery*. . . ." (quoting *Cardwell v. Bechtol,* 724 S.W.2d 739, 750 (Tenn. 1987)).

As noted by the majority in affirming the dismissal of the lack of informed consent claim against Kindred Hospital, the staff of the hospital has no duty to obtain informed consent from the patient when conducting the procedure ordered by the doctor; since there was no consent, however, the claim of medical battery proceeds against the hospital. At the same time, the claim against Dr. Nguyen for failure to secure informed consent for the procedure which he ordered continues, while the claim related to the unauthorized performance of that procedure fails. Again, I see no reason to differentiate between the responsibility of the doctor and the staff.

For these reasons, I would reverse the dismissal of the medical battery claim against Dr. Nguyen as well.


_____
RICHARD H. DINKINS, JUDGE

-3-