IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 14, 2010

## RANDALL C. TRENT v. WAYNE ANDERSON, ET AL.

**Appeal from the Circuit Court for Sullivan County**
**No. C3391     John S. McLellan, III, Judge**

---

**No. E2009-02064-COA-R3-CV - FILED AUGUST 10, 2010**

---

Randall C. Trent ("Plaintiff") was incarcerated at the Sullivan County jail for several months before being transferred to the Tennessee Department of Correction. Plaintiff claims that while incarcerated at the Sullivan County jail, he was denied proper medical care and retaliated against for complaining about the lack of proper medical care. Plaintiff initially brought numerous claims against various defendants. This appeal involves the dismissal of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 12101, also known as the Americans with Disabilities Act. These various federal claims were dismissed by the Trial Court after finding that the applicable one-year statute of limitations had expired by the time the complaint was filed. On appeal, Plaintiff claims that the "continuing violation" doctrine applies to save his untimely claims. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Randall C. Trent, pro se Appellant.

Daniel P. Street, Blountville, Tennessee, for the Appellees, Wayne Anderson, Sheriff, Lori Delp, Lieutenant, and Penny Lester, L.P.N.

# OPINION

## Background

Plaintiff filed suit in January 2008.[1] Plaintiff sued Wayne Anderson, Lori Delp, Dr. Diane Drapper, and Penny Tester. Wayne Anderson is the Sheriff of Sullivan County. Lori Delp is a Lieutenant who works at the Sullivan County jail. Dr. Diane Drapper provides medical services to the inmates at the Sullivan County jail. Penny Tester is a licensed practical nurse who also provides health care services to inmates at the jail. In his complaint, Plaintiff claimed the defendants violated his due process rights by placing him in maximum security without benefit of a hearing. Plaintiff also claimed the defendants denied him proper treatment for his diabetes. Plaintiff asserted violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 12101 (the Americans with Disabilities Act), as well as various state tort laws. Plaintiff made a general allegation that he was denied proper medical care the entire time he was incarcerated at the Sullivan County jail, which ended on January 8, 2007, at which time Plaintiff was transported to the Tennessee Department of Correction.

While there were numerous motions filed by the parties to this action, this appeal concerns the Trial Court's granting of a motion to dismiss certain claims as being barred by the statute of limitations and the denial of Plaintiff's motion to strike certain affirmative defenses raised by the defendants. We will limit our discussion of the pleadings to the specific issues raised by Plaintiff on appeal.

In May 2009, the defendants filed a "Motion to Dismiss Plaintiff's Remaining Causes of Action as Time Barred by the Statute of Limitations." The "remaining claims" at that time were Plaintiff's claims for: (1) deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983; (2) denial of procedural due process pursuant to 42 U.S.C. § 1983; (3) civil conspiracy pursuant to 42 U.S.C. § 1985; and (4) a violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*. According to this motion, Plaintiff's complaint was not filed timely because Plaintiff was moved from the Sullivan County jail on January 8, 2007, and, therefore, any illegal conduct must have taken place on January 7, 2007, at the latest, and because the complaint was not filed until January 8, 2008, it was untimely.

---

[1] Although the complaint was filed with the court clerk on January 14, 2008, the parties are in agreement that the complaint was delivered on January 8, 2008 to the appropriate personnel at the correctional facility where Plaintiff was incarcerated. The parties also are in agreement that pursuant to Tenn. R. Civ. P. 5.06, the complaint is deemed to have been filed on January 8, 2008.

Plaintiff responded to the motion to dismiss, arguing that the alleged violations occurred up through and including January 8, 2007, the day he left the Sullivan County jail, that the "continuing violation" doctrine applied, and because the complaint was filed on January 8, 2008, it was timely as to all events described in the complaint.

The Trial Court agreed with the defendants and dismissed the "remaining" claims. Specifically, the Trial Court stated:

> The Court . . . finds that Plaintiff's Motion to dismiss Dr. Diane Draper as a named Defendant in this matter is well taken and should be granted. Plaintiff's Motion to name Sullivan County as a named Defendant, which motion is unopposed, is well taken and should be granted. . . . [B]y Order filed August 25, 2009, [the Court] dismissed Plaintiff's remaining causes of action alleged to have occurred for the period of March 9, 2006 through January 7, 2007 as time barred by the Statute of Limitations thereby leaving only events which occurred on January 8, 2007. . . . The Plaintiff in his Amended Complaint fails to state any factual basis alleged to have occurred on January 8, 2007 in support of his remaining claims. . . .

Plaintiff appeals claiming the Trial Court erred when it dismissed the "remaining" federal claims as being barred by the statute of limitations. Plaintiff also claims the Trial Court erred when it denied his motion to strike certain affirmative defenses raised by Defendants.[2]

## Discussion

Since matters outside the pleadings were considered by the Trial Court when resolving Defendants' motion to dismiss, we will treat Defendants' motion as a motion for summary judgment in accordance with Tenn. R. Civ. P. 12.02.[3] *See Smith Mechanical*

---

[2] No appeal is taken as to the dismissal of "Dr. Drapper," often referred to as "Dr. Draper" in the pleadings. Accordingly, when we refer to "Defendants" in the Discussion section of this Opinion, we are referring collectively to the remaining defendants, Sheriff Wayne Anderson, Lieutenant Lori Delp, and Penny Lester, L.P.N.

[3] In relevant part, Rule 12.02 provides that if, "on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and (continued...)

*Contractors, Inc. v. Premier Hotel Development Group*, 210 S.W.3d 557, 562-63 (Tenn. Ct. App. 2006). Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).
>
> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary

---

[3](...continued)
disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

judgment jurisprudence for our state."  Judy M. Cornett, *The Legacy of Byrd v. Hall:  Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party.  *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).  A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence.  *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

The primary issue to be resolved on appeal is whether the "continuing violation" doctrine applies to Plaintiff's claims, thus making his complaint timely as to all of the events described therein.  Plaintiff's complaint is very specific about the dates and events described therein which he claims were illegal, often providing the exact time of day the alleged events happened.  Plaintiff alleges specific illegal acts occurred on:  April 9, 2006; May 10, 2006 (multiple events); May 13, 2006; May 26, 2006 (multiple events); June 7, 2006 (multiple events); June 28, 2006; July 25, 2006; August 30, 2006; October 1, 2006; November 15, 2006; and November 22, 2006.  As stated, Plaintiff describes these events in detail in his complaint.  In addition, these and other events were described in grievances filed by Plaintiff which were attached to and discussed within his complaint.  Plaintiff filed grievances on the following dates:  April 9, 2006; April 24, 2006; May 9, 2006; May 10, 2006; May 13, 2006; June 1, 2006; June 7, 2006; June 18, 2006; June 19, 2006; June 20, 2006; June 23, 2006; June 24, 2006; July 16, 2006; August 9, 2006; August 23, 2006; August 30, 2006; August 31, 2006; October 1, 2006; October 13, 2006; October 25, 2006; October 26, 2006; November 22, 2006; and December 12, 2006.  Again, we point out that all of these grievances were attached to and many were discussed within the complaint.  We also note that the Trial Court correctly found that the last event described by Plaintiff in his amended complaint allegedly occurred on January 3, 2007.

All of Plaintiff's "remaining" claims are premised upon violations of federal law; specifically, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 12101.  In *Sharpe v. Cureton*, 319 F.3d 259 (6th Cir. 2003), *rehearing and rehearing en banc denied Apr. 10, 2003, cert. denied* 540 U.S. 876 (2003), the United States Court of Appeals for the Sixth

Circuit discussed at length the continuing violation doctrine under federal law, stating as follows:

> As an initial matter, the duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *See Wilson v. Garcia*, 471 U.S. 261, 267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1986). Tennessee law provides for a one year statute of limitations for § 1983 actions. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). . . .
>
> Ordinarily, the "discovery rule" applies to establish the date on which the statute of limitations begins to run, *i.e.*, the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. *Sevier*, 742 F.2d at 273. This test is an objective one, and the Court determines "what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). . . .
>
> In an effort to sidestep the one year Tennessee statute of limitations, the plaintiffs argue for application of the "continuing violation" doctrine in such a way as to toll the limitations period, rendering the transfer claims timely. . . .
>
> * * *
>
> This Circuit employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions. *See*, *e.g.*, *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1106 n.3 (6th Cir.1995). When a continuing violation is found, "a plaintiff is entitled to have the court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred." *Alexander*, 177 F.3d at 408 (quoting *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996)). The firefighters submit several post-transfer allegedly discriminatory actions as evidence of a

continuing violation, specifically, the denial of merit pay (announced in 1996), the refusal to consider plaintiffs for merit pay in 1996, and Ashe's refusal to return the firefighters to their preferred locations.

Previous "continuing violation" law must be reexamined in light of the Supreme Court's recently imposed limits on the viability of the doctrine. In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002), the Court held that when an employee seeks redress for discrete acts of discrimination or retaliation, the continuing violation doctrine may not be invoked to allow recovery for acts that occurred outside the filing period. *Id*. at 2072. According to the Supreme Court, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id*. In contrast, hostile environment claims involve unlawful employment practices that cannot be said to occur on any particular day, but occur over a series of days or years. *Id*. (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

*Morgan* explained, in direct language:

[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180 - or 300 - day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.

*Id*. at 2072.

We can find no principled basis upon which to restrict *Morgan* to Title VII claims, and we therefore conclude that the Supreme Court's reasoning must be applied to the firefighter's § 1983 claims.[4]  The Supreme Court has previously determined that the Title VII administrative charge period is functionally equivalent to a statute of limitations.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).  We are unable to find that the policy justifications for Tennessee's legislative choice to establish a one year statute of limitations period as applicable to § 1983 claims are any less important than the congressional directive set forth in 42 U.S.C. § 2000e-5(e)(1), requiring the prompt filing of Title VII claims.[5] *See Hargraves v. Brackett Stripping Machine Co., Inc.*, 317 F. Supp. 676, 683 (E.D. Tenn. 1970) (holding that the one-year Tennessee statute of limitations does not violate the Due Process Clause as arbitrary and capricious).  Moreover, the continuing violation doctrine arose in the context of the "obviously quite short deadlines" set forth in Title VII, and the relatively longer limitations periods provided by states for § 1983 actions reinforces as a policy matter *Morgan's* applicability to these claims.  *See Wilson*, 471 U.S. at 279, 105 S.Ct. 1938 ("It is most unlikely that the period of limitations applicable to [§ 1983 claims] ever was, or ever would be, fixed in a way that would

---

[4] This Circuit has recently found *Morgan's* construction of the continuing violation doctrine equally applicable to claims of age discrimination and retaliation brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.  See Sherman v. Chrysler Corp.*, 47 Fed. Appx. 716 (6th Cir. 2002).  Similarly, a district court in this Circuit recently held that *Morgan* likewise applies to continuing violation claims under 42 U.S.C. § 1981.  *See Kinley v. Norfolk Southern Railway Co.*, 230 F. Supp.2d 770 (E.D. Ky. 2002).

[5] "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Morgan*, 122 S.Ct. at 2070 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).  Strict adherence to the procedural requirements specified by the Tennessee legislature similarly guarantees evenhanded administration of the law.  *See Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 523 (6th Cir. 1997) ("To allow damages for the entire period during which a law is in effect when a plaintiff challenges the law long after it was enacted would frustrate [the purposes of the statute of limitations].  Instead, just as a new injury was allegedly inflicted on [the plaintiff] each day that [the offending law] was in effect, a new limitations period began to run each day as to that day's damage.") (citation omitted).

discriminate against federal claims, or be inconsistent with federal law in any respect.").

It cannot reasonably be disputed that the firefighters' claims involve discrete acts and not a hostile environment, as they were made aware of the retaliatory transfers on specific dates in September 1995. The serial violations component of the continuing violations doctrine employed by this Court is sufficiently analogous to the Ninth Circuit line of cases struck down in *Morgan*. *Tenenbaum v. Caldera*, Nos. 00-2394, 01-1704, 2002 WL 2026347, at *3 (6th Cir. Aug. 29, 2002). Accordingly, *Morgan* overturns prior Sixth Circuit law addressing serial violations, *i.e.*, plaintiffs are now precluded from establishing a continuing violation exception by proof that the alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period.

The second category of continuing violations, involving a longstanding and demonstrable policy of discrimination, is not implicated by *Morgan*. Tenenbaum, 2002 WL 2026347, at *2 n.3. To establish this category of continuing violation, "appellant must demonstrate something more than the existence of discriminatory treatment in his case." *Haithcock*, 958 F.2d at 679 (citing a discriminatory policy appearing in a statute or an affirmative action plan as examples of this second category). "The preponderance of the evidence must establish that some form of intentional discrimination against the class of which plaintiff was a member was the company's standing operating procedure." *EEOC v. Penton Indus. Publishing Co.*, 851 F.2d 835, 838 (6th Cir. 1988) (citations omitted). Here, the plaintiffs do not represent a class, and have otherwise failed to allege class-wide discriminatory action. The plaintiffs broadly allege, "Ashe's disregard to constitutional rights spans three decades impacting more than these plaintiffs. . . ." This allegation is not sufficiently supported by the record. Knoxville consistently employs over 300 firefighters and over 1600 total city employees, but plaintiffs called at trial merely one other retired firefighter who testified concerning allegations of patronage practices occurring in the late 1980's. This proof is insufficient

as a matter of law for plaintiffs to meet their burden of showing a three-decade-long "standing operating procedure" of discrimination. Instead, the plaintiffs proved the existence of discriminatory treatment in their case, but this is inadequate to invoke the "longstanding and demonstrable policy of discrimination" continuing violation exception.

Accordingly, we affirm the district court's finding that the continuing violation doctrine does not apply, although based upon the different reasons stated above.

*Sharpe*, 319 F.3d at 265-69 (footnotes omitted in part; retained footnotes in the original).

Plaintiff's complaint makes it clear that he is seeking redress for specific, identifiable acts he claims violated various federal laws. As explained by the United States Supreme Court in *Morgan*, discrete acts are not actionable if time barred, even when related to acts that are timely.[6] Each discrete act starts a new clock. *Morgan*, 536 U.S. at 113. Because Plaintiff alleges discrete acts, albeit many discrete acts, he cannot rely on the doctrine of "continuing violation" to save his untimely federal claims. As stated previously, the last discrete event alleged in the complaint took place on January 3, 2007, and the complaint was not filed until January 8, 2008. Thus, the complaint was not timely filed.

Plaintiff does not claim that Defendant(s) have a longstanding and demonstrable policy of discriminating against "a class of which plaintiff was a member." *See Sharpe*, 319 F.3d at 269. Indeed, Plaintiff's complaint is directly to the contrary where he states:

[N]o other inmates were arbitrarily treated in the manner in which Plaintiff was, by Defendants Anderson, Delp, Drapper, and Tester, nor were any of these inmates placed in segregation because of their diabetes . . . .

Plaintiff's complaint alleged discrete, identifiable acts, none of which took place within the one-year period preceding the filing of the complaint.[7] Thus, the Trial Court correctly ruled that Plaintiff's "remaining" claims were barred by the applicable one-year

---

[6] Here, we have no related acts that are timely.

[7] The parties are in agreement that Plaintiff's federal claims all have a one-year statute of limitations. For purposes of this appeal, we will assume that is correct.

statue of limitations. We reject Plaintiff's claim that the continuing violation doctrine operates to save these untimely claims.

Plaintiff's final issue on appeal is his claim that Defendants did not assert the statute of limitations defense in a timely manner. Before answering the complaint, Defendants filed a motion to dismiss claiming Plaintiff failed to state a claim upon which relief could be granted for several of the causes of action asserted in the complaint. This motion was, in large part, successful and once several of the claims were dismissed, Defendants filed an answer to the remaining claims, at which time they asserted a statute of limitations defense. Plaintiff apparently argues that Defendants should have asserted the statute of limitations defense in the original motion to dismiss certain of the causes of action raised in the complaint or be forever barred from raising that defense, even though the statute of limitations as to the "remaining" claims was not at issue in the original motion to dismiss. We disagree because a statute of limitations defense is not one of the grounds specifically set forth in Rule 12.02 and was not waived pursuant to Rule 12.08. As such, we conclude that Defendants timely asserted the statute of limitations defense when they filed an answer to those claims that survived the initial Rule 12.02(6) motion to dismiss certain claims, and we affirm the judgment of the Trial Court on this issue.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Circuit Court for Sullivan County solely for the collections of costs below. Costs on appeal are taxed to the Appellant, Randall C. Trent, and his surety, if any, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE