# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 9, 2010

## CHARLES BEARD v. JEPCO, INC., ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 09C991      Jacqueline Schulten Bolton, Judge**

---

**No. E2009-02393-COA-R3-CV - FILED AUGUST 12, 2010**

---

This lawsuit was filed by Charles Beard ("Plaintiff") against Jepco, Inc. ("Jepco"), and Mike Phillips (collectively "Defendants"). Plaintiff rented a storage unit from Jepco. Mike Phillips is a manager for Jepco. Plaintiff essentially claims that Jepco raised the rent on the storage unit he rented in violation of the rental agreement. Plaintiff initially filed this lawsuit in the Hamilton County General Session Court. He appealed the unfavorable Sessions Court judgment to the Circuit Court. Thereafter, Defendants filed a properly supported motion for summary judgment. Plaintiff's response to that summary judgment motion failed to create any genuine issue of material fact and, accordingly, the Trial Court granted summary judgment to Defendants. Plaintiff appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Charles Beard, pro se Appellant.

Amanda B. Rogers, Chattanooga, Tennessee, for the Appellees, Jepco Inc., and Mike Phillips.

# OPINION

## Background

This lawsuit began in the Hamilton County General Sessions Court when Plaintiff sued Jepco and Mike Phillips for $25,000 alleging, *inter alia*, breach of contract and "detainment of personnal property." Plaintiff lost at trial, and the General Sessions Court entered a judgment for Defendants for past due rent in the amount of $1,806.22. That judgment was appealed by Plaintiff to the Hamilton County Circuit Court where Plaintiff filed a "Complaint for Damages Breach of Contract & Violations of Tenants' Rights." In short, Plaintiff claimed that he rented a storage unit at Jepco's public storage facility in Chattanooga. When he initially rented the space, the rent was $118.00 per month. Plaintiff claims that Defendants increased the rent in an manner that violated the rental agreement. Plaintiff sought monetary damages and one year of free rent.

Defendants filed an answer and denied any liability to Plaintiff. Jepco filed a counterclaim seeking unpaid rent and contractual damages. In September of 2009, Defendants filed a motion for summary judgment. In support of their motion for summary judgment, Defendants filed the rental agreement as well as the affidavits of Phillips and another Jepco employee. According to these affidavits, Jepco followed the requirements of the rental agreement when it raised the monthly rent on Plaintiff's storage unit. These affidavits also established that: (1) Plaintiff did not pay rent from January through August 2009 and only got caught up when Jepco placed a lien on the contents of his storage unit; (2) Plaintiff was caught running an electrical line from the light fixture in his rental unit and appeared to be doing mechanical work on a vehicle there; and (3) although Plaintiff agreed to cease running the electrical line from the light fixture, he nevertheless resumed such activity.

Plaintiff filed an "Answer to Motion for Summary Judgment and Counter Move for Summary Judgment." While Plaintiff in general claimed that he was entitled to a judgment, he filed no sworn testimony, via affidavit or otherwise, in support of his allegations. Plaintiff filed no admissible proof creating any sort of a fact issue as to any of his various allegations.

Following a hearing on the parties' motions for summary judgment, a hearing which Plaintiff failed to attend, the Trial Court entered an order stating as follows:

> This matter came to be heard before the Court on October
> 26, 2009, upon Defendants' Motion for Summary Judgment and
> the Plaintiff's Cross-Motion for Summary Judgment. After

being given proper notice, Plaintiff in this matter failed to appear for oral argument. As a result of this failure, and having determined that Defendants' Motion for Summary Judgment was well founded, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment is granted. It is further,

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment is hereby denied.

Plaintiff appeals. Although Plaintiff's brief is difficult to follow and does not contain a Statement of the Case, a Statement of the Issues, or cite any relevant case law, etc., as required by Tenn. R. App. P. 27(a), we assume he is appealing the grant of summary judgment to Defendants.

## Discussion

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must

either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

There is no doubt that Defendants' motion for summary judgment was properly supported and the various affidavits filed by Defendants established that there were no disputed material facts. Because Defendants filed a properly supported motion, the burden shifted to Plaintiff to create a genuine issue of material fact. Plaintiff filed no sworn testimony or other type of proof sufficient to create a genuine issue of material fact. Simply disagreeing with Defendants is insufficient. Thus, the Trial Court correctly granted summary judgment to Defendants.

## **Conclusion**

The judgment of the Trial Court is affirmed and this cause is remanded to the Hamilton County Circuit Court solely for collection of the costs below. Costs on appeal are taxed to the Appellant, Charles Beard, and his surety, if any, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE