# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 16, 2010 Session

## PAMELA ANN BARNETT v. ELITE SPORTS MEDICINE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C4157      Barbara N. Haynes, Judge**

---

**No. M2010-00619-COA-R3-CV - Filed December 17, 2010**

---

In this case, we are asked to decide whether an amendment to Tenn. Code Ann. § 29-26-122, which became effective July 1, 2009, and requires the plaintiff in a medical malpractice action to file a certificate of good faith at the time of filing suit, was properly applied to an action initiated prior to the effective date of the amendment, voluntarily dismissed and refiled after the effective date. We also consider whether the requirement that the plaintiff file a certificate of good faith applies to an action for medical battery. We affirm the judgment in part, reverse in part, and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M.S., and ANDY D. BENNETT, J., joined.

Pamela A. Barnett, Nashville, Tennessee, *Pro Se.*

Jonathan Eric Miles, Phillip Lester North, Judith Jefferson Regan, Nashville, Tennessee, for the appellees, Elite Sports Medicine and David R. Moore, M.D.

## OPINION

Pamela Barnett filed suit against Elite Sports Medicine and David R. Moore, M.D., (hereinafter "Defendants") on September 22, 2008, seeking to recover damages for alleged medical malpractice and medical battery; the suit was voluntarily dismissed without prejudice on November 24, 2008. On November 24, 2009, Ms. Barnett re-filed the suit, and on November 25 she filed a document styled "Request For Permission To File Certificate Of Merit in 120 Days Considering TCA Statute Change." Defendants thereafter filed a response opposing the request, accompanying their response with a motion to dismiss based on Ms.

Barnett's failure to file the certificate of good faith. Following a hearing on both motions the court granted the motion to dismiss at a hearing on February 5, 2010,[1] advising Ms. Barnett that the dismissal would be reconsidered if Ms. Barnett submitted the certificate of good faith within 30 days. The certificate was not submitted.

Ms. Barnett appeals the dismissal of her action, raising the following issues:

1. Whether the Trial Court erred by basing its ruling on T.C.A. 29-26-122 (2009) instead of the medical malpractice law prior to October 1, 2008?
2. Whether the Court erred in overlooking and dismissing the battery claim?
3. Whether the Court abused its discretion by failing to consider Ms. Barnett's extraordinary cause as sufficient to grant her a six (6) month extension of time to file a Certificate of Good Faith?

## I. Discussion

### A. Medical Malpractice Claim

Medical malpractice actions in Tennessee are governed by Tenn. Code Ann. § 29-26-115 *et seq.* Substantial revision to the statutes began with Chapter 919 of the Public Acts of 2008. Among other things, the 2008 amendments imposed new requirements: (1) at Tenn. Code Ann. § 29-26-121 that the plaintiff give notice of the potential malpractice claim to the health care provider who is to be named the defendant at least 60 days prior to filing suit; and (2) at Tenn. Code Ann. § 29-26-122 that the plaintiff or plaintiff's counsel file a certificate within 90 days of the filing of the complaint stating that a competent medical expert witness had been consulted and had provided a signed statement expressing a professional belief that there was a good faith basis to maintain the suit. During the next legislative session, Chapter 425 of the Public Acts of 2009 was passed: (1) making modifications to the notice provisions at Tenn. Code Ann. § 29-26-121; (2) eliminating the provision that allowed 90 days after the complaint was filed for plaintiff to file the certificate of good faith; and (3) providing for the dismissal of the complaint if the certificate was not filed with the complaint, with two exceptions. At issue in this case are Sections 2 and 4 of Chapter 425, which amended Tenn. Code Ann. § 29-26-122.

---

[1] The order setting forth the court's ruling was entered February 17.

Section 2 amended the statute to read in pertinent part as follows:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that such failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. . . .

H.B. 2233, 105th Gen. Assem. ch. 425, § 2 (Tenn. 2009) (now codified at Tenn. Code Ann. § 29-26-122(a)).

Ms. Barnett contends that, since her original suit was filed on September 22, 2008, the malpractice law in effect at that time, which did not require the filing of a certificate of good faith, should apply to the re-filed action.[2] This is without merit.

Ms. Barnett's contention is premised upon a misunderstanding of Tenn. R. Civ. P. 41.01, which allows a plaintiff to voluntarily dismiss an action without prejudice to refiling the action. Upon entry of the order approving the dismissal, the case is, for all intents and purposes, over. If the action is refiled, it proceeds as a new action, subject only to the provisions of Tenn. R. Civ. P. 41.04 relating to the payment of costs attributable to the prior action. There is nothing in Chapter 425, the amended Tenn. Code Ann. § 29-26-122, or Tenn. R. Civ. P. 41 to support the contention that the requirement to file a certificate of good faith was not to be imposed on all actions filed after July 1, 2009.

Ms. Barnett also asserts that the third sentence in Section 4 of Chapter 425 means that "the medical malpractice laws that took effect in 2009 apply only to cases where notice was first given on or after July 1, 2009" and that, since the date of her first successful notice to the defendants was the date of filing of the first suit, she was not required to file a certificate of good faith. We disagree with her interpretation and application of this language.

Section 4 of Chapter 425, which was not codified, provides:

Section 1 of this act [amending the notice provisions at Tenn. Code Ann. § 29-26-121, which became effective October 1, 2008] shall take effect and apply to notice given on or after July 1, 2009, in all medical malpractice actions, the

_____

[2] Chapter 919 of the Public Acts of 2008, amending Tenn. Code Ann. § 29-26-122 to require that a certificate of good faith be filed, became effective October 1, 2008.

public welfare requiring it. Section 2 of this act [requiring the certificate of good faith to be filed with the complaint] shall take effect on July 1, 2009, and shall apply only to those actions in which the required notice is given on or after July 1, 2009, pursuant to Section 1, the public welfare requiring it. In the event that notice is successfully given more than once to a provider the effect of the notice is determined by the law in effect on the date of the first successful notice.

The sentence cited by Ms. Barnett has no application to either the effective date of Section 2 or the good faith certificate requirement, but applies where the notice required under Tenn. Code Ann. § 29-26-121 is given more than once. The sentence provides that, to the extent the notice becomes an issue, the law in effect on the date of the first successful notice is determinative.[3] Whether the defendants received proper notice is not at issue in this case. In any event, Ms. Barnett gave notice to the defendants of her intention to file the instant suit on September 24, 2009; this was the notice "required" to be given by Tenn. Code Ann. § 29-26-121 and, since at the time of her initial complaint there was no notice required by the statute, was the first (and only) successful notice.[4]

Ms. Barnett also complains that the trial court abused its discretion in failing to apply the "extraordinary cause" exception at Tenn. Code Ann. § 29-26-122(a) and in not granting her request that the court "honor a one hundred twenty (120) day Certificate of Merit deadline beginning on the refiling date of November 24, 2009" and that the court "honor a one hundred twenty (120) day suspension of this case for both sides until the Certificate of Merit is filed."

---

[3] In this regard, we note that Chapter 425 modified some of the notice provisions first imposed as part of the 2008 amendments to Tenn. Code Ann. § 29-26-121.

[4] The cases relied upon by Ms. Barnett, *Jenkins v. Marvel*, 683 F. Supp. 2d 626 (E. D. Tenn. 2010) and *Howell v. Claiborne*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651 (Tenn. Ct. App. June 24, 2010), do not hold that the amended statutes did not apply to refiled actions. Each case discussed and applied the notice provision at Tenn. Code Ann. § 29-26-121, which was amended by Section 1 of Chapter 425, where the plaintiff had filed a malpractice action prior to October 1, 2008, taken a voluntary dismissal of the action, and refiled the action after October 1, 2008. The defendants in each case filed a motion to dismiss based on the plaintiffs' failure to provide the notice required for actions filed on or after October 1, 2008. Each court discussed at length the 2008 amendments to the medical malpractice statutes and held that, even though the plaintiff had not complied with the notice requirements of the amended § 29-26-121 when refiling their respective actions, the purpose of the notice provision had been met with the filing of the original action. The *Howell* court applied the exception to the notice requirement at Tenn. Code Ann. § 29-26-121(b) in holding that the trial court erred in not excusing compliance with the notice requirements.

-4-

Ms. Barnett filed several pleadings setting forth matters which she asserted established extraordinary cause in support of an extension of time, including her affidavit and a statement from Robert C. Jamieson, M.D.,[5] stating the following:

> My patient, Pamela Barnett, was to have prepared a Certificate of Good Faith by January 15th of this year. Tragically, her mother died on the same date and she has been under a great deal of family stress leading up to and following the death of her mother. She has upcoming surgery herself on March 16th of this year for a total knee replacement. I see her on a regular outpatient basis and have been treating her for a major depressive disorder. I am hoping that with these significant stressors, that an extension can be made allowing her to prepare this certificate no later that August 1st of this year.

At the hearing on Defendants' motion to dismiss and Ms. Barnett's request to be allowed 120 days to file the certificate of merit, the court heard from Ms. Barnett as well as counsel for Defendants and granted the motion to dismiss. Further, the Court advised Ms. Barnett as follows:

> I am very, very sympathetic to all the worries that you've had with your mother, future surgery in Boston, with your other lawsuit.
> But I have made a ruling. They will draw an Order. You will get a copy of it. It will not be a Final Order of this court for 30 days. And if there is full compliance with the law, then you can come back in here and ask me to reconsider it. Do you understand that?

The question presented is whether the trial court erred in determining that Ms. Barnett did not demonstrate the "extraordinary cause" required to excuse the failure to file the certificate of good faith with the complaint.[6]

Tenn. Code Ann. § 29-26-122(a) requires that the certificate be filed with the complaint; an exception to the requirement is for "demonstrated extraordinary cause." The Defendants did not contest the factual basis of any matter asserted by Ms. Barnett to

---

[5] The letterhead on Dr. Jamieson's statement identifies him as a psychiatrist affiliated with Sterling Primary Care.

[6] Ms. Barnett characterizes this as a question of the exercise of the trial court's discretion; Defendants would have us focus on the reasons Ms. Barnett gave for failing to file the certificate of merit and apply the standard applicable to a review of a finding of "excusable neglect" under Tenn. R. Civ. P. 60.02. Because the "extraordinary cause" exception is part of the statute, however, we review the court's holding as an application of the facts to the law.

demonstrate extraordinary cause or introduce evidence to the contrary and, while the trial court did not make specific findings regarding the impediments facing Ms. Barnett, the transcript of the hearing does not reveal that the court doubted the veracity of any of her statements. In our review of the record in this proceeding, including the earlier filing of the action, we are of opinion that the extraordinary cause to excuse the filing was not shown.

Among the materials filed by Ms. Barnett in support of her request for additional time was an email, apparently from Dr. David Homesley of Charlotte, North Carolina, dated September 29, 2009 and an unsigned and undated "Certificate of Good Faith Expert Statement For Pamela Ann Barnett," also in the name of Dr. Homesley. In addition to demonstrating that Ms. Barnett was aware of the requirement that she file the certificate of good faith, to the extent that Dr. Homesley was the expert upon whom Ms. Barnett was relying to provide the opinion which would allow her to comply with § 29-26-122(a), or if Ms. Barnett was intending to file the unsigned document to comply with the statute,[7] the email shows that this was available to her two months prior to the complaint being filed and prior to the matters referred to by Dr. Jamieson in his letter. She gave no reason for the failure to file the document with her complaint.

Moreover, the filing of a certificate of good faith had been required since October 1, 2008, prior to the voluntary dismissal of the first suit. Ms. Barnett, therefore, had over a year prior to refiling the action and two months following the refiling to file the certificate.[8] In addition, the court correctly advised Ms. Barnett that the order granting the motion to dismiss would not be final for thirty days after entry and that Ms. Barnett could file the certificate and ask the court to set aside the dismissal within that period.

In light of all the foregoing, we agree with the trial court that Ms. Barnett failed to show the extraordinary circumstances required under the statute to excuse the requirement that the certificate of good faith be filed with the complaint. We affirm the dismissal of the malpractice claims.

---

[7] The copy of the email and the statement of Dr. Homesley were filed by Ms. Barnett on January 7, 2010. Handwritten on the statement was the following: "Dr. Homesley was not comfortable signing this without reviewing the terminology & text with an attorney. /s/ PB"

[8] The "Request" filed by Ms. Barnett on November 25, 2009 acknowledged the October 1, 2008 effective date of Tenn. Code Ann. § 29-26-122 and that a certificate of good faith be filed with the refiled complaint.

-6-

*B. Medical Battery Claim*

Ms. Barnett contends that the trial court erred in dismissing her claim for medical battery, asserting that the requirement of filing a certificate of good faith does not apply to claims for medical battery. Defendants contend that Ms. Barnett's case did not include a battery claim and, in any event, the failure of Ms. Barnett to file a certificate of good faith would subject the battery claim to dismissal.

Defendants' motion to dismiss was premised on Tenn. R. Civ. P. 12.02(6); the sole basis of the motion was Ms. Barnett's failure to comply with the requirement at Tenn. Code Ann. § 29-26-122 to file a certificate of good faith with the complaint. The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. Such a motion only challenges the legal sufficiency of the complaint; it does not challenge the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In considering a motion to dismiss, the court must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696–97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hosp. S.,* 566 S.W.2d 847, 878 (Tenn. 1978).

The cause of action to recover for a medical battery is premised on the patient's failure to authorize or consent to a particular procedure. *Blanchard v. Kellum*, 975 S.W.2d 522, 524 (Tenn. 1998). A "simple inquiry" to determine whether a case constitutes medical battery was set out in *Blanchard* as follows:

> (1) was the patient aware that the doctor was going to perform the procedure (i.e., did the patient know that the dentist was going to perform a root canal on a specified tooth or that the doctor was going to perform surgery on a specified knee?); and, if so, (2) did the patient authorize performance of the procedure? A plaintiff's cause of action may be classified as a medical battery only when answers to either of the above questions are in the negative. If, however, answers to the above questions are affirmative and if the plaintiff is alleging that the doctor failed to inform of any or all risks or aspects associated with a procedure, the patient's cause of action rests on an informed consent theory.

The complaint in this case includes the following allegations:

7. The day before the surgery, September 20, 2007, when the Plaintiff came to Defendant Elite Sports Medicine to sign off on a $500 payment for the OATS procedure, the Plaintiff asked for written information on the procedure. The response was "we don't have any written information". Defendant Moore not only failed to communicate information to the Plaintiff's satisfaction for the OATS procedure, he did not obtain informed consent for the microfracture procedure he did perform.

8. On September 21, 2007, the Plaintiff gave informed consent for an OATS procedure with the knowledge that "any other procedures as he may deem necessary or advisable" (wording on Consent to Operation), meant a biopsy, as the Defendant and the Plaintiff had discussed. . . .
* * *

10. Plaintiff was extremely upset, not only because the Plaintiff's trust was breached, not only because Plaintiff had not consented to microfracture surgery, not only because he removed cartilage when she informed him not to, but because the microfracture surgery had significantly more rehab, critical hazards and consequences than the OATS procedure the Plaintiff approved.
* * *

19. Defendant Moore's deviation from the applicable standard of care for medical malpractice and lack of informed consent, has caused Plaintiff to suffer from injuries that otherwise wold not have occurred, but for the negligence of Defendant Moore and Defendant Elite Sports Medicine.
* * *

22. In other words, the Plaintiff has suffered loss of earning capacity, permanent impairment, pain and suffering, the effects of cumulative anesthesia, and will suffer financially with unnecessary medical bills; all of which are a result of the deviations from the standard of care, i.e., absence of informed consent, by Defendants.

A fair reading of the complaint supports a determination that Ms. Barnett alleged facts which state a claim for battery, distinct from the allegations of medical malpractice.[9] Applying the standard for reviewing a Rule 12.02(6) motion to dismiss, we cannot say that Ms. Barnett can prove no set of facts which would establish a claim of medical battery.

---

[9] Ms. Barnett filed an Amended Complaint on February 4, 2010, in which she states in greater detail the facts which she alleges constitute negligence, gross negligence, lack of informed consent and medical battery. The record, however, does not contain a motion to allow the Amended Complaint to be filed or an order allowing its filing, and our decision is not based on the wording of the Amended Complaint.

We disagree with Defendants' contention that, under the allegations of the complaint, a certificate of good faith was required. The requirement to file a certificate of good faith is contained at Tenn. Code Ann. § 29-26-122(a) which states that the certificate is required "[i]n any medical malpractice action in which expert testimony is required by § 29-26-115." Expert testimony is not required to sustain a claim for medical battery inasmuch as the primary inquiry before the court is whether the patient knew of and authorized the procedure. *Blanchard*, 975 S.W.2d at 524.

## II. Conclusion

For the foregoing reasons, we affirm the dismissal of the medical malpractice claims and reverse the dismissal of the medical battery claim. We remand the case to the trial court for further proceedings in accordance with this opinion.

_____
RICHARD H. DINKINS, JUDGE