# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 9, 2012 Session

## TERESA HOLT, ET AL. v. THE DOLLYWOOD COMPANY

**Appeal from the Circuit Court for Sevier County**
**No. 2008-0833-IV      O. Duane Slone, Judge**

### No. E2011-02481-COA-R3-CV-FILED-AUGUST 28, 2012

Teresa Holt and Archie J. Holt ("Plaintiffs") sued The Dollywood Company, a joint venture between Dolly Parton Productions, Inc. and Herschend Family Entertainment Corp. ("Defendant") with regard to injuries Ms. Holt received as a result of her fall on a Dollywood tram. Defendant filed a motion for summary judgment. After a hearing, the Trial Court granted Defendant summary judgment finding and holding, *inter alia*, that Ms. Holt's own negligence was the primary cause of her fall and that Ms. Holt was at least 50% at fault. Plaintiffs appeal to this Court. We find and hold that a reasonable jury could find that Ms. Holt was less than 50% at fault. We, therefore, reverse the Trial Court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

John D. Agee and Bradley D. Williams, Clinton, Tennessee, for the appellants, Teresa Holt and Archie J. Holt.

Daniel M. Gass, Knoxville, Tennessee, for the appellee, The Dollywood Company, a joint venture between Dolly Parton Productions, Inc. and Herschend Family Entertainment Corp.

# OPINION

## Background

On December 30, 2007, Ms. Holt and her two daughters and three grandchildren visited Dollywood.[1] Dollywood opened at 10:00 a.m. that morning, and Ms. Holt and her family members arrived there at approximately 11:00 a.m. Ms. Holt had visited Dollywood several times earlier during the same fall and winter season and had ridden on the Dollywood trams on those occasions. The temperature on December 30, 2007 was approximately 33 degrees, and it had rained earlier in the morning. It was not raining when Ms. Holt arrived at Dollywood, but the ground still was wet.

Ms. Holt and her family members waited in the parking lot for the tram. Ms. Holt had no problem getting on the tram. Ms. Holt stated that "everybody was flowing through …" as they were getting on to the tram and that she "didn't look except for a seat …." She stated that she did not look at the floor as she boarded the tram because she "was sandwiched between people being shifted in to find a seat." Ms. Holt sat with her daughter April and granddaughter Sydney and "some man." The tram ride lasted approximately five minutes.

During the tram ride, Ms. Holt did not look at the floor of the tram. Ms. Holt's daughter April and granddaughter Sydney exited the tram before Ms. Holt tried to exit, and April and Sydney had no problems getting off the tram. Ms. Holt did not recall looking at the floor as she was walking to exit the tram.

Ms. Holt fell as she attempted to exit the tram. Ms. Holt described how she exited the tram stating:

> I stepped up and got ahold [sic] of the pole.… The running board wasn't what I fell on. I fell off the top.… I mean it shot off, and I held onto that pole trying to save myself and gripped onto it and brought myself back and somehow my leg was going out this way and my back hit the top of the tram. My butt hit the running board, and my back hit that top step there.

Ms. Holt suffered injuries from the fall including a broken leg and lower back pain.

---

[1] The facts provided in this Opinion were taken largely from Defendant's statement of material facts not in dispute and Ms. Holt's deposition and are taken as true for purposes of summary judgment only. We discuss these facts to give context to our discussion regarding the motion for summary judgment.

After she fell, Ms. Holt turned around and saw "all the grease and the water pooled up on [the floor]." Ms. Holt asserted that the area of grease and water in which her feet rested during the tram ride was three to four foot wide. The color of the tram floor was silver and the color of the grease was black. It was daylight and Ms. Holt had sufficient light to see where she was going, but she did not see the grease until after she fell.

Plaintiffs sued Defendant for negligence. Defendant filed a motion for summary judgment. After a hearing, the Trial Court entered its judgment on October 31, 2011 granting Defendant summary judgment, and finding and holding:

1. Plaintiff fell while getting off a tram in the parking area at Dollywood during daylight hours.

2. The cause of her fall was a three (3) to four (4) foot puddle of black grease in the aisle of the tram between the seats. For the purpose of this Motion the existence of the puddle of grease at the time of the fall is not disputed by Defendant.

3. The floor of the tram was a silver/grey color.

4. Plaintiff did not slip or fall when entering the tram and first crossing the area where the alleged puddle of grease was located to find a seat.

5. The Plaintiff did not look at the floor when she got on the tram, did not look at the floor while she was sitting on the tram for approximately five (5) minutes and did not look at the floor as she was exiting the tram.

6. After the accident Plaintiff turned and saw the alleged puddle of grease.

7. The Court confirmed with Plaintiff's counsel that the Plaintiff did not know when or how the alleged puddle of black grease came to be on the tram floor.

Based upon the representations of counsel, the assertions of the Plaintiff and the record as a whole the Court finds that the Plaintiff was negligent, that the facts and inferences in the present case permit reasonable persons to reach only one conclusion and that is the large area of the black substance alleged to exist by Plaintiff on the silver/grey floor was visible to the Plaintiff had she looked down at the tram floor prior to her fall. Plaintiff could and should have looked down and seen the puddle when she walked over it to sit on the tram, if the puddle was there at that time, or if not when she walked back through the

same area approximately five (5) minutes later. The facts established that Plaintiff's failure to observe what she claims was there to be seen was the primary cause of her fall and at least fifty percent (50%) of the fault in this case is attributed to the Plaintiff. Plaintiff's failure to look where she was going was the primary cause of her accident rather than any alleged breach of duty that may have existed.

Plaintiffs appeal to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise one issue on appeal: whether the Trial Court erred in granting Defendant's motion for summary judgment.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998),

sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

The Trial Court granted summary judgment based upon its finding that "[Ms. Holt's] failure to look where she was going was the primary cause of her accident …," and that Ms. Holt's fault was 50% or greater. Our Supreme Court has instructed:

If the defendant has plead the affirmative defense of the plaintiff's relative fault, the reasonableness of the plaintiff's conduct in confronting a risk should be determined under the principles of comparative fault. *See Perez v. McConkey*, 872 S.W.2d 897, 905 (Tenn. 1994). If the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ that her fault was equal to or greater than that of the defendants, summary judgment in the defendant's favor may be granted. *See Coln v. City of Savannah*, 966 S.W2d [34] at 44 [(Tenn. 1998)].

*Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 91-92 (Tenn. 2000).

The Trial Court found that Ms. Holt's failure to look where she was going made her 50% or more at fault. Ms. Holt, however, testified that when she was boarding the tram "everybody was flowing through …" and that she "didn't look except for a seat …." She further testified that she did not look at the floor as she boarded the tram because she "was sandwiched between people being shifted in to find a seat." Viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the Plaintiffs, reasonable minds could differ regarding whether Ms. Holt could have or should have seen the alleged puddle of grease prior to her fall. Viewing the evidence in the light most

favorable to Plaintiffs, as we must, we find that reasonable minds could find that Ms. Holt was less than 50% at fault for her fall.

Defendant also argues in its brief on appeal that even if the Trial Court erred in basing the grant of summary judgment upon Ms. Holt's comparative fault that summary judgment still would be proper under a duty analysis. In essence, Defendant argues that it did not owe a duty to Ms. Holt because the alleged puddle of grease was visible, open, and obvious, and Ms. Holt should have seen and avoided it. As discussed above, however, there are disputed issues of material fact, and reasonable minds could disagree regarding whether Ms. Holt could have or should have seen the alleged puddle of grease prior to her fall.

Given all of the above, we reverse the grant of summary judgment to Defendant and remand this case to the Trial Court for further proceedings consistent with this Opinion.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, The Dollywood Company, a joint venture between Dolly Parton Productions, Inc. and Herschend Family Entertainment Corp.

_____
D. MICHAEL SWINEY, JUDGE