IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 17, 2013 Session

# KAY F. FRITZ v. CVS CORPORATION D/B/A CVS PHARMACY, INC.

**Appeal from the Circuit Court for Hamilton County**
**No. 02C285      W. Jeffrey Hollingsworth, Judge**

_____

**No. E2012-01775-COA-R3-CV-FILED-SEPTEMBER 24, 2013**

_____

Kay F. Fritz ("Plaintiff") sued CVS Corporation d/b/a CVS Pharmacy, Inc. ("Defendant") alleging that Defendant had improperly filled a prescription for Plaintiff causing Plaintiff damages. Defendant filed a motion for involuntary dismissal or in the alternative for summary judgment. After a hearing, the Trial Court granted Defendant summary judgment after finding that Plaintiff was unable to prove an essential element of her claim, i.e., causation. Plaintiff appeals to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Kay F. Fritz, Chattanooga, Tennessee, Pro se appellant.

G. Michael Luhowiak, Daniel M. Stefaniuk, and William J. Rieder, Chattanooga, Tennessee, for the appellee, CVS Corporation d/b/a CVS Pharmacy, Inc.

**OPINION**

**Background**

This is the second time this case has been before this Court. By way of background, Plaintiff filed suit in 2002 alleging, in pertinent part, that she had taken a prescription to Defendant to be filled and that Defendant had "negligently and carelessly prepared" the prescription with the "wrong medicine," and that Plaintiff had suffered damages as a result of ingesting this "wrong medicine." The case was before this Court

previously when Plaintiff appealed the Trial Court's involuntary dismissal of her case after finding during a pre-trial conference held the day before trial was scheduled that "Plaintiff was not prepared to present evidence at trial," and that "going ahead with trial as scheduled … would have been unfair to Plaintiff [who was proceeding pro se] …." *Fritz v. CVS Corp.*, No. E2008-01256-COA-R3-CV, 2009 Tenn. App. LEXIS 634 (Tenn. Ct. App. Sept. 23, 2009), *no appl. perm. appeal filed* ("*Fritz I*"). In *Fritz I*, we vacated the involuntary dismissal and remanded the case to the Trial Court.

Upon remand, Defendant filed a motion for summary judgment. After a hearing, the Trial Court entered an order on September 13, 2011 denying the motion for summary judgment after finding and holding that Defendant had failed to prove that Plaintiff was unable to prove an essential element of her claim at trial because the case had not been set for trial and no scheduling order had been entered establishing deadlines for designating experts. Defendant then filed a motion to enter a scheduling order and to set the case for trial.

On December 16, 2011, the Trial Court entered a Scheduling Order, which provided, in pertinent part, that Plaintiff was required to identify expert witnesses and any treating physicians she intended to call to testify at trial on or before December 31, 2011. The Scheduling Order set trial to begin May 16, 2012.

In February of 2012, Defendant filed a motion for involuntary dismissal alleging, in pertinent part, that Plaintiff had failed to disclose any expert witnesses or any treating physicians she intended to call to testify at trial, and, therefore, Plaintiff was unable to establish at trial that her injuries were caused by Defendant. Plaintiff subsequently filed several motions alleging, among other things, that she had not been served with the scheduling order and seeking a modification of the scheduling order and a continuance. After a hearing, the Trial Court entered a new Scheduling Order on April 16, 2012 requiring Plaintiff to identify any expert witnesses and any treating physicians she intended to call to testify at trial on or before June 1, 2012. The April 16, 2012 Scheduling Order set trial to begin on September 19, 2012.

On June 13, 2012, Defendant filed a motion for involuntary dismissal or in the alternative for summary judgment alleging, in pertinent part, that Plaintiff had failed to identify any expert witnesses or any treating physicians she intended to call to testify at trial and, therefore, Plaintiff was unable to establish at trial an essential element of her claim. The Trial Court granted Defendant's motion for summary judgment by order entered July 17, 2012 after finding and holding:

Due to the unusual circumstances of this case, it is necessary to set out a brief procedural history. This lawsuit was originally filed in 2002. It is based on the Plaintiff's allegations that the Defendant improperly filled a prescription which caused her damage.

This case has been to the Court of Appeals on one occasion and was remanded back to this Court for trial. After the remand, the Defendant filed a motion for summary judgment which this Court denied, holding that the Defendant had not established that the Defendant [sic] could not prove causation at trial. (See order of September 13, 2011) After that order, the Defendant filed a motion for a scheduling order and to set the case for trial. There was no response from Plaintiff and a scheduling order setting deadlines for designation of expert witnesses and discovery was entered on December 16, 2011.

On March 14, 2012, the Plaintiff sent a letter to the Clerk of Court, indicating the motion for scheduling order and to set was mailed to the wrong address and that she had not received notice of these motions. She filed a motion to set aside or modify the scheduling order entered on December 16, 2011.

Both parties appeared for hearing on the Plaintiff's motion and the Court granted that motion to set aside the scheduling order and issued a new scheduling order. The Plaintiff was in court when the dates for the new scheduling order were discussed and was provided a copy of the scheduling order which was entered on April 16, 2012. In addition, a copy of the new scheduling order was sent to the Plaintiff at the address she gave to the Clerk of Court in her letter of March 14, 2012.

The scheduling order issued on April 16, 2012 provides that the Plaintiff identify all expert witnesses and treating physicians that she intended to call at trial on or before June 1, 2012 with summaries of each of these witness's opinions.

On June 13, 2012 the Defendant filed this motion contending that the Plaintiff had not identified any experts or treating physicians in accordance with the scheduling order. As such, the Defendant contends the Plaintiff cannot prove causation at trial because she will not be able to produce the expert testimony necessary on that issue. The Plaintiff has neither responded

to the motion nor appeared in court when the motion was set for hearing on June 25, 2012 and rescheduled to June 16, 2012 [sic].

In her lawsuit, the Plaintiff alleges that a pharmacist at one of the Defendant's stores put the wrong medication in her prescription bottle and the ingestion of that medication caused her damage. With those allegations, this case would appear to fall under the Medical Malpractice Act which requires expert testimony. In any case, however, the issue of causation would require expert medical proof.

The Plaintiff has failed to comply with the scheduling order issued on April 16, 2012. She did not identify her expert witnesses or treating physicians by June 1, 2012 as required by that order. As a result of that failure, Plaintiff will not be able to offer expert testimony at the trial which is scheduled for September 19, 2012. Therefore, this Court finds that the Defendant has established that the Plaintiff cannot prove the essential element of causation at trial. As a result of that fact, the burden of proof has shifted to the Plaintiff to produce evidence raising a question of fact on that issue. The Plaintiff has failed to do so.

Therefore, it is Ordered that summary judgment be **Granted** to the Defendant on all of the Plaintiff's claims and that all of the Plaintiff's claims against the Defendant be **Dismissed** with prejudice.

Plaintiff filed a motion styled as a "Motion to Set Aside Dismissal," which the Trial Court treated as a motion to alter or amend and denied by order entered November 21, 2012. Plaintiff appeals the Trial Court's July 17, 2012 order to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether the Trial Court erred in granting summary judgment to Defendant after finding that Plaintiff could not prove at trial the essential element of causation.

Before we address Plaintiff's issue, we note that Defendant filed a motion requesting that this Court dismiss Plaintiff's appeal for Plaintiff's alleged failure to comply with Tenn. R. App. P. 27. We have reviewed Plaintiff's brief, and we agree with Defendant that Plaintiff's brief does not strictly comply with Tenn. R. App. P. 27. Furthermore, Plaintiff's brief is far from being a model of clarity. The deficiencies in Plaintiff's brief, however, do not hinder or prevent our review of the issue obviously raised

by Plaintiff. Therefore, in the exercise of our discretion, we deny Defendant's motion to dismiss the appeal, and we will address the issue raised by Plaintiff. *See Paehler v. Union Planters Nat'l Bank, Inc.,* 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997) (recognizing that this Court has the discretion to suspend or relax some of the rules of appellate procedure for good cause in order to afford parties a hearing on the merits).

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate

only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

The Trial Court found that Plaintiff's claims appeared to sound in medical malpractice, which would fall within the purview of Tenn. Code Ann. § 29-26-115. We, however, need not determine whether Plaintiff's claim is one of medical malpractice under the statute or just one for negligence. We note, as did the Trial Court, that whether Plaintiff's claims sound in medical malpractice or in general negligence, she would be required to prove by expert medical testimony the essential element of causation in order to prevail at trial. *See Shipley v. Williams*, 350 S.W.3d 527, 537 (Tenn. 2011) (setting forth the required elements of proof of a medical malpractice claim and stating: "[E]xpert testimony must be provided by a plaintiff to establish the elements of his or her medical negligence case, subject to the 'common knowledge' exception that is not applicable here." (citations omitted)); *Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011) (setting forth the required elements of proof of a negligence claim).

Defendant filed a properly supported motion for summary judgment showing that Plaintiff had failed to identify, as required by the Scheduling Order, any expert witnesses or any treating physicians whom she intended to call to testify at trial and, as such, that Plaintiff was unable to prove at trial the essential element of causation. Since Defendant affirmatively negated an essential element of Plaintiff's claim, the burden shifted to Plaintiff to establish a genuine issue of material fact for trial. Plaintiff failed to do this.

In *Fritz I*, this Court observed that:

*Pro se* litigants are entitled to fair and equal treatment. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). *Pro se* litigants are not, however, entitled to shift the burden of litigating their case to the courts. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983). *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

*Fritz I*, 2009 Tenn. App. LEXIS 634, at **11-12 (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

The record on appeal reveals that Plaintiff failed to disclose any expert witnesses or any treating physicians whom she intended to call to testify at trial within the deadlines imposed by the Trial Court's Scheduling Order, despite being given numerous opportunities by the Trial Court to do so. It is clear from the record that the Trial Court bent over backwards, so to speak, to give Plaintiff the opportunity to comply with the Scheduling Order.

We note that the record contains a document entitled "Plaintiff's Rule 26 Disclosure of Jose R. Justiniano-Ayala, MD Attached to Designation of Contents of Record on Appeal and Medical Affidavit Filed 9-12-11 of Order of Dismissal," which states, in pertinent part that "plaintiff expects to call Jose R. Justiniano MD as a Rule 26 expert in this Lawsuit." This disclosure was filed on September 4, 2012, almost two months *after* the Trial Court dismissed Plaintiff's suit, *after* the Trial Court had given Plaintiff several opportunities to comply with the deadlines in the Scheduling Order, and *after* the notice of this appeal was filed. The filing of this purported disclosure is simply too little, too late. Furthermore, as best as we can tell from the record now before us, this purported disclosure identifies a treating physician, but still does not identify any expert witnesses let alone any medical expert's opinion on causation. To continue to give Plaintiff even more opportunities to comply with the Scheduling Order after the Trial Court has dismissed the case and an appeal taken would work an injustice upon Defendant.

Defendant filed a properly supported motion for summary judgment negating an essential element of Plaintiff's claim, causation. This shifted the burden to Plaintiff, and Plaintiff failed to carry her burden. There are no genuine issues of material fact, and Defendant was entitled to summary judgment as a matter of law. As such, we find no error in the Trial Court's grant of summary judgment to Defendant dismissing all of Plaintiff's claims.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Kay F. Fritz.

_____
D. MICHAEL SWINEY, JUDGE